MOWER, Respondent, v. MOWER, Appellant.

(195 N. W. 509.)

(File No. 5510. Opinion filed October 18, 1923.)

**Divorce—Husband and Wife—Attorneys—Supreme Court Authorized to Award Wife Counsel Fees and Suit Money to Enable Her to Oppose Husband's Appeal.**

On husband's appeal from order allowing wife counsel fees and suit money to defendant husband's application for an adjudication that he had fully complied with that portion of divorce decree relating to the support of daughter placed in custody of the wife, the Supreme Court had authority to allow the wife counsel fees and suit money to enable her to present her side of the appeal.

Appeal from Circuit Court, Beadle County; Hon. Alva E. Taylor, Judge.

Action for divorce by Nelle K. Mower against Bert E. Mower. A decree was rendered for the plaintiff, and from an order allowing the plaintiff a certain sum for counsel fees and suit money to enable her to defend against defendant's application for an adjudication that he had complied with the portion of the decree relating to support of a daughter, the defendant appeals. On plaintiff's application for counsel fees and suit money to enable her to present her side of the appeal. Application granted.

*Chas. P. Warren,* of Huron, for Appellant.

*Gardner & Churchill* and *George E. Longstaff,* all of Huron, for Respondent.

Appellant cited: Bardin v. Bardin, 4 S. D. 305, 56 N. W. 1069; Cameron v. Cameron, 31 S. D. 335, 140 N. W. 700; Lewis v. Lewis (Cal.), 163 Pac. 42; Emery v. Emery (Kan.), 180 Pac. 45; Platt v. Platt (Idaho), 184 Pac. 471; Paxton v. Paxton, 150 Cal. 667, 89 Pac. 1083; Taylor v. Taylor (Idaho), 196 Pac. 211; Hoyton v. Hoyton (Wash.), 211 Pac. 745.

Respondent cited:  Bueter v. Bueter, 1 S. D. 94; Grant v. Grant, 5 S. D. 1; Milliron v. Milliron, 9 S. D. 181; Drake v. Drake, 21 S. D. 182; Wells v. Wells, 26 S. D. 71; Tuttle v. Tuttle, 26 S. D. 95.

GATES, J.  On October 4, 1919, plaintiff obtained a decree of divorce from defendant in the circuit court of Beadle county, whereby she was given the custody of their minor daughter, and defendant was required to pay to appellant, for the support of said child, the sum of $35 per month until the further order of the court.  Defendant made such payments until the daughter became of age.  Shortly after the daughter's majority, he applied to said circuit court for an adjudication that he had fully complied with that portion of the decree relating to the support of the daughter. Plaintiff thereupon applied for an allowance for counsel fees and suit money to defend the said application made by defendant to the circuit court.  That court made an order allowing the sum of $65 therefor.  Defendant thereupon appealed to this court from such order.  The matter is now before us on respondent's application for counsel fees and suit money to enable her to present to this court her side of the appeal.

Appellant does not resist the present application upon the ground that he is financially unable to respond, nor upon the ground that respondent is financially able to present her side of the appeal.  Appellant's objections go to the very heart of the questions to be decided upon the hearing of defendant's application for an adjudication that he has fully performed his obligations under the divorce decree.  Those matters are not now before us.  Regardless of whether it may be ultimately decided that the majority of the daughter terminated defendant's obligations under the divorce decree and regardless of whether it may be decided that the order appealed from was improvidently made, this court has the undoubted authority to allow counsel fees and suit money to respondent to present her side of the appeal.

Pursuant to such authority, an order will be made allowing respondent the sum of $75 for counsel fees and suit money on appeal.

Note.—Reported in 195 N. W. 509.  See, Headnote (1), American Key-Numbered Digest, Divorce, Key-No. 312, 19 C. J. Sec. 547.

On question of power to award temporary alimony or counsel

fees pending attempt to set aside decree of divorce or separation, see note in 24 L. R. A. (N. S.) 1015.

As to allowance of counsel fees to wife to prosecute or to defend appeal in matrimonial action, see 18 A. L. R. 1494.