MOWER, Respondent, v. MOWER, Appellant.

(199 N. W. 42.)

(File No. 5510.  Opinion filed May 15, 1924.)

1. **Parent and Child—Infants—Courts—Statute Relating to Support of Children Applicable to Subnormal Children Even After Attaining Majority.**

    Rev. Code 1919, Sec. 164, authorizing court to direct the custody, care, etc., of children as may seem necessary and at any time to vacate or modify such directions in the case of subnormal children is applicable even after they become of age, and an order for support of subnormal child "until further order of the court" held not without the court's jurisdiction.

2. **Divorce—Husband and Wife—Father's Duty to Support Subnormal Daughter May Be Enforced**

    A father's liability under Rev. Code 1919, Sec. 191, to support a subnormal daughter may be enforced in a divorce action.

Appeal from Circuit Court, Beadle County; Hon. Alva E. Taylor, Judge.

Action for divorce by Nelle K. Mower against Bert E Mower. Decree was rendered for plaintiff, and from an order allowing her a sum of money for counsel fees and suit money to enable her to defend against defendant's application for an adjudication that he had complied with that portion of the decree relating to the support of a daughter, defendant appeals. Order affirmed.

*Chas. P. Warren,* of Huron, for Appellant.

*Gardner & Churchill* and *George E. Longstaff,* all of Huron, for Respondent.

Appellant cited: Boehler v. Boehler, 125 Wis. 625, 104 N. W. 840; Tremper v. Tremper (Cal.), 177 Pac. 868; Evans v. Evans (Wash.), 199 Pac. 764; Young v. Young, 179 Ia. 1259, 162 N. W. 617; 19 C. J. 360.

Respondent cited: Rev. Code 1919, Sec. 191; McCook County v. Kamoss, 7 S. D. 558; Tobin v. Bruce, 38 S. D. 64; Bottum v. Kamen (S. D.), 180 N. W. 948; Sanborn County v. Lutter, 46 S. D. 363, 193 N. W. 55; Harlan v. Harlan (Cal.), 98 Pac. 32; Mohler v. Shank's Estate (Ia.), 61 N. W. 981.

GATES, J.   This cause comes before us upon an appeal by defendant from an order granting plaintiff an allowance for counsel fees and suit money in resistance of a motion made by defendant hereafter referred to and which order so appealed from also overruled defendant's so-called demurrer to the application. The cause was before us recently upon another motion.   46 S. D. 634, 195 N. W. 509.

On October 4, 1919, plaintiff obtained a decree of divorce from the defendant in the circuit court of Beadle county in which she was given the custody of their 14 year old daughter who was then and now is—  ,

"a person of retarded mental development or subnormal mentality, wholly unable to maintain herself and without means of support except such as is provided by this plaintiff and the defendant."

By the decree the defendant was required to pay to plaintiff for the support of the said child the sum of $35 per month until the further order of the court.   Plaintiff has been paying $100 per month for the maintenance of the child in a home for special training, and in addition to such expense has clothed the child and provided her with other appropriate necessities.   Defendant continued to contribute $35 per month until the daughter arrived at the age of 18 years.   Shortly thereafter he moved the trial court for an order adjudging that he had fully complied with the provision for such payments.   Plaintiff applied to the trial court for an allowance for counsel fees and suit money to enable her to resist the motion.   Defendant filed a so-called demurrer to the application which challenged the jurisdiction of the court to make the allowance.   Shortly stated, the point made by appellant was and is that the words in the divorce decree requiring payment for the support of the child "until the further order of the court" had no meaning or force after the child arrived at mature age and that the trial court was powerless to make a binding provision in the divorce case which should extend beyond the period of the minority of the child.   Inasmuch as the matter is before us on both grounds of appeal we believe it to be our duty in furtherance of justice to now decide the merits of the case.

The rule as contended for by appellant is no doubt true as

applied to the great majority of cases. It is thus stated in 20 R. C. L. 586:

"The general rules of the law of parent and child, being based on the child's incapacity, both natural and legal, and its consequent need of protection and care, apply only while the child is under the age of majority."

But the rule is different as applied to a child of subnormal mentality and who is without means of support. In Crain v. Malone, 130 Ky. 125, 113 S. W. 67, 22 L. R. A. (N. S.) 1165, 132 Am. St. Rep. 355, the court said:

"The duty and obligation of a parent to care for his offspring does not necessarily terminate when the child arrives at age or becomes an adult; nor is it limited to infants and children of tender years. An adult child may from accident or disease be as helpless and incapable of making his support as an infant, and we see no difference in principle between the duty imposed upon the parent to support the infant and the obligation to care for the adult, who is equally, if not more, dependent upon the parent. In either case the natural as well as the legal obligation is the same, if the parent is financially able to furnish the necessary assistance."

In Schultz v. Western Farm Tractor Co., 111 Wash. 351, 190 Pac. 1007, 14 A. L. R. 514, the court said:

"Doubtless the legal duty of a parent to support his normal children ceases at the age of majority, but the rule is not the same with respect to his defective children, whether the defect be mental or physical. To these he owes a continuing obligation of support, which ceases only when the necessity for support ceases."

In Cromwell v. Benjamin, 41 Barb. (N. Y.) 558, the court said:

"The liability of the defendant to furnish necessaries for his son who was a minor, and for his daughter, who, although a few years past her majority, was unmarried and a member of his family, and who, as appeared by testimony in the case, was an invalid and unable to support herself by her labor, springs from the relation of a parent to his offspring, and depends upon principles analogous to those above considered in respect to his liability to support his wife."

In Mt. Pleasant Overseers v. Wilcox, 2 Pa. Dist. R. 628, 12 Pa. Co. Ct. R. 447, a syllabus is as follows:

"When a child reaches the age of 21 years the father's legal liability at common law for its support ceases, unless it is of such feeble and dependent condition, physically or mentally, as to be unable to support itself."

See, also, Rowell v. Town of Vershire, 62 Vt. 405, 19 Atl. 990, 8 L. R. A. 708, and 29 Cyc. 1612.

Counsel for appellant chiefly relies upon Boehler v. Boehler, 125 Wis. 627, 104 N. W. 840. That case is in many respects similar to this, but it lacks the essential and controlling feature of this case, viz., the subnormal mentality of the child.

[1] We contend, therefore, in view of the subnormal mentality of the child and her retarded mental development, that the trial court was not without jurisdiction to make provision for the child's support "until the further order of the court" and that the trial court's authority over the ward and its parents in respect thereto did not cease with the arrival of the ward at the statutory age of maturity. In other words, we hold that section 164, Rev. Code 1919, applies to subnormal children even after they become of age.

[2] Appellant tacitly admits that the appellant is liable for the support of the child under the provisions of section 191, Rev. Code 1919, relating to the support of the poor (Sanborn County v. Lutter, 46 S. D. 363, 193 N. W. 55), but insists that the trial court in the divorce action is without power to enforce a liability under that section. While the duty of appellant to continue to provide for the support of this defective indigent child may in part arise from her poverty, it does not rest in its entirety upon that section of statute. But even if it did, we see no incongruity in enforcing such liability in the divorce action. The statutes do not point out any particular remedy for the enforcement of such liability. In Paxton v. Paxton, 150 Cal. 667, 89 Pac. 1083, the court said:

"It may be admitted that, where a statute creates a right and also prescribes a particular remedy or procedure for its enforcement, such procedure can alone be invoked for such enforcement; but that is as far as the rule goes. In such case the special procedure may be considered as part of the right—limiting and con-

conditioning it.   But where the right is given by statute without any prescribed remedy, it may be enforced by any appropriate method recognized by the general law of procedure."

Surely, then, as between the father and mother of the child it would not be inappropriate to enforce the liability in the present divorce action where both the father and mother are before the court and the child as well.   Houghton v. Houghton, 37 S. D. 184, 157 N. W. 316.   In that case we said, quoting from a Michigan case:

"No other occasion can call more loudly for judicial vigilance in reaching for the exact truth, and in putting aside with an unsparing hand the mere technicalities of procedure."

Such is this case.

The order appealed from is affirmed.

Note.—Reported in 199 N. W. 42.   See, Headnote (1), American Key-Numbered Digest, Parent and child, Key-No. 3(1), 29 Cyc. 1612; (2) Divorce, Key-No. 289, 19 C. J. Sec. 816.

On duty of parent to support incompetent adult child, see note in 22 L. R. A. (N. S.) 1165.

On Rev. Code 1919, Sec. 191, see annotations Kerr's Cyc. Codes, 1920, Civ. Code, Sec. 191.