## ANDERSON v. ANDERSON.

No. 6893.   Decided August 29, 1946.   (172 P. 2d 132.)

See 27 C. J. S., Divorce, sec. 322; 17 Am. Jur. 517-519, 456. Allowance of counsel fees to a former wife, note, 14 A. L. R. 614.

*Richard L. Bird* and *Lynn S. Richards,* both of Salt Lake City, for appellant.

*Brigham Clegg* and *James M. Carlson,* both of Salt Lake City, for respondent.

McDONOUGH, Justice.

Appellant attacks the judgment denying his application for modification of provisions in the decree of divorce relating to custody of minor children, and also as to alimony and support money. He contends on this appeal that he is entitled to the following relief: (1) Custody of all of the minor children, and if not all of them, then at least custody of Gary who had reached 10 years of age, and who desires to live with appellant. (2) Discontinuance of alimony for plaintiff by reason of her remarriage. (3) Elimination of support money for any children not living with plaintiff who are otherwise supported by the defendant. (4) Reversal of judgment for $225 for alleged arrearages. (5) Reversal of judgment for counsel fees in this proceeding.

Plaintiff obtained a divorce on the grounds of nonsupport. At the time, all of the children were under 10 years of age. In her complaint she prayed for $75 per month "alimony and support money" for *herself* and minor children. The findings recite that

"it will be necessary for plaintiff to have permanent alimony in the sum of $75.00 per month for the maintenance of herself and their minor children."

The decree, however, requires defendant to pay such sum as

"permanent alimony for the support of said minor children during their minority."

Defendant filed no answer, but signed a waiver of time to plead in connection with a stipulation. However, neither plaintiff nor her attorney ever filed such stipulation, and at the hearing on petition for modification of the decree the defendant claimed that the stipulation was one of the conditions for his execution of the waiver.

The stipulation related to the training of the children. Thereby, plaintiff agreed that the children would not be taken to any Sunday school where principles not accepted nor approved by defendant's church were taught. While defendant did not plead violation of such stipulation, there was evidence introduced to the effect that it had been secretly violated, and that the children had been subjected to the influence of plaintiff's second husband, who allegedly advocated unlawful conduct. The stipulation was admitted in evidence.

In refusing to change the custody of the children, the trial court made a finding to the effect that their mother, the respondent, is a fit and proper person to retain such custody. The record is such as to support such finding. There was no finding made to the effect that appellant is not a fit and proper person to be awarded their custody, though the findings recite that prior to the filing of the petition for modification he had not shown a great deal of interest in his children and such findings recite generally in the words of the answer of respondent that he is of an unstable and unpredictable nature. A reading of the record convinces us that a finding of unfitness on his part would not be supported by the evidence.

As to the two younger children one three-and-one-half years and the other five years old, the trial court did not err in leaving them in the custody of their mother. The remaining question relative to custody of the

children is: Was the trial court warranted in overruling the request of Gary that he be permitted to reside with his father?

We find no merit in the contention that by failing to plead that Gary wanted to reside with appellant, that there could be no change in custody. It would be better practice to have such fact pleaded, where it is relied on as a basis for a change of custody, but where the welfare of a child is involved, the failure of either litigant in a divorce proceeding to specifically allege what is for the best interests of the child or what is sought by a child, should not operate to prejudice the rights of such child.

It is appellant's position that under our statutes when a child reaches 10 years of age, he has an absolute right to have his custody status changed unless the parent to whom he wishes to become attached is not a fit and proper person to have his custody. Sec. 40-3-5, U. C. A. 1943, reads as follows:

"When a decree of divorce is made the court may make such orders in relation to the children, property and parties, and the maintenance of the parties and children, as may be equitable; *provided, that if any of the children have attained the age of ten years and are of sound mind, such children shall have the privilege of selecting the parent to which they will attach themselves.* Such subsequent changes or new orders may be made by the court with respect to the disposal of the children or the distribution of property as shall be reasonable and proper." (Italics added.)

Sec. 40-3-10 relates to separation cases and contains the identical language hereinabove emphasized. Appellant cites *Schwalenberg* v. *Schwalenberg,* 65 Ohio App. 217, 29 N. E. 2d 617, in support of the proposition that upon reaching the age of 10 years the child has the right to have his custody status changed and to attach himself to the other parent. However, the following additional provision, not contained in our statute, appears in the Ohio code:

"The above provisions permitting children to choose the parent with whom they desire to live, also shall apply to proceedings for modifica-

tion of the former orders of the court, fixing the custody thereof, as in original actions. * * *" (Sec. 8033, Ohio Gen. Code).

*Dorsey* v. *Dorsey,* 52 Utah 73, 172 P. 722, is also cited by appellant. However, that case involved the award of custody of children at the time the decree of divorce was entered. There is therein no intimation that the statute grants the right of choice to a child upon his attaining the ■ age of ten years, though custody of the child had been awarded to one of the parents upon the entering of the decree when such child was younger. Nor do we think the statute susceptible of such construction. The italicized portion thereof, as set out hereinabove, is a limitation on the power of the court to award custody of a child "at the time the decree is made" to a parent not of the child's choice, where both parents are found to be fit to have such custody. The proviso modifies the first portion of the sentence of which it is a part. As to change of custody subsequent to the decree, the statute states that orders relative thereto shall be dictated by what is "reasonable and proper." We conclude that the holding and reasoning of the Dorsey case are not here applicable.

In so holding, however, we do not mean that the choice of the child who has reached such an age and evidences such intelligence as to appreciate the importance of his decision, should not be given due weight by the court in considering the question of change of custody. On the contrary such choice and the reasons, if any, advanced therefor, should be given careful consideration. If it be evident that the choice is made not because of some temporary dissatisfaction or a passing whim and is not dictated by some present lure, but is a considered judgment of the child, it may well be controlling in the determination of what is for the best interest of the child.

The evidence introduced reveals that the present husband of respondent is associated with a religious group which practices and preaches plural marriage. The husband has not entered into polygamy, but he advocates its practice. He,

as a member of this group, baptized the boy Gary, and had him confirmed by officials of the sect. This was with the mother's consent, though she testified that she wanted the boy to be baptized in the church to which the father belongs, but due to her husband's affiliation with the other group, the officials of defendant's church would not perform the ceremony. Gary attended Sunday school at the meeting place of the group, notwithstanding the stipulation between plaintiff and defendant.

When his mother married a few months prior to the hearing below, Gary left his mother's home and went to live with his father, at the home of his paternal grandmother, where he was living at the time of the proceedings below. Gary in open court and in conversation with the trial judge in chambers expressed his preference to live with his father. He expressed affection for his mother, but resented the stepfather.

From the whole record it appears that Gary's expressed desire to live with his father is not merely a passing whim. It is apparent that he will not get along well with the present husband of his mother. In view of this fact we are of the opinion that it would not be to the best interest of Gary to be left in the custody of his mother, and while we are reluctant to interfere with the discretion of the trial court in awarding custody of a child as between its parents, the record is convincing that the welfare of the child requires that we do so.

As indicated hereinabove, there is a variance between the findings and the decree with respect to alimony and support money. The findings show an intention to award both, while the decree refers to "alimony" for the "support of the children." Alimony relates to support of the divorced wife, and support money relates to compensation to a spouse for the support of minor children. In view of the remarriage of plaintiff, and evidence that she was supported by her present husband, the defendant was entitled to apply to the court for modification of the judgment as far as it relates to alimony.

No amended complaint was filed in the divorce action. In view of the findings, we must assume that some words were inadvertently omitted from the decree. It would have been better for defendant to have requested the court to correct the decree, if it were not for the fact that the alimony provision was sought to be eliminated. Where error creeps into a decree through the negligence of a party or his counsel, it is not equitable to use such error to the prejudice of the adverse party.

In view of the fact that the custody of Gary should be awarded to the appellant, and the alimony provision should be eliminated from the decree in view of the remarriage of plaintiff, there will have to be modification of the decree with regard to support money to be paid for the maintenance and support of the other two minor children who remain in the custody of plaintiff. This does not mean that the defendant will be entitled to have the $75 per month allowance reduced pro rata. The criterion for determination of support money is the need of the persons supported and the defendant's ability to pay.

Appellant contends that the part of the order for the payment of $225 support money allegedly past due, is without pleading to support it. By her answer and cross-petition, plaintiff alleged that "defendant is wilfully in default in his payments under the terms of said decree," and while she did not ask that the court find how much was past due, she asked the court to hold him in contempt for non-compliance with the decree. There is no dispute as to the fact that defendant did not fully comply with the decree. He could not properly ignore any provisions therein pending modification. Under the remedial powers of the court, the defendant could have been held in contempt for wilful non-compliance with the decree. We see no reason why the court could not likewise require him to pay a sum equal to the installments which had been unpaid. The court was doubtless reluctant to specifically hold defendant in contempt when the plaintiff had told him she did not want any more money from him when she remarried. She could

not waive the right of the two children who did remain with her to be supported by defendant as required by the decree. There is no showing that during the three months in controversy the total sum of $225 was not a reasonable sum for the support of the two minor children, even if plaintiff's second marriage and the voluntary departure of Gary from her home are also considered. The sum required to be paid in lieu of holding him in contempt, does not appear to us to have been excessive so as to amount to an abuse of discretion.

Defendant also argues that the court improperly awarded counsel fees in this proceeding to plaintiff. Obviously, this proceeding relates primarily to matters concerned with the custody of the children and their support. The award for counsel fees was not excessive, nor improper in this case. We do not decide here what the result would have been if the sole question were whether or not alimony should be discontinued.

The judgment of the trial court in this proceeding is reversed as to the particulars herein indicated, and the cause is remanded with directions to conduct further proceedings and to make findings and judgment in accordance with the directions contained in this opinion, to eliminate alimony for plaintiff's support, to award the custody of Gary to his father, and to determine the proper amount of support money defendant should pay for the care and support of the two minor children who remain in the custody of plaintiff. Each party shall pay his or her costs on this appeal.

LARSON, C. J., and WADE and WOLFE, JJ., concur.

PRATT, J., not participating.