McBRIDE, Appellant v. LOMHEIM, Respondent

(144 N.W.2d 564)

(File No. 10248.  Opinion filed August 8, 1966)

**Neumayr & Jones,** Gettysburg, for plaintiff and appellant.

**Stephens, Riter, Mayer & Hofer,** Pierre, for defendant and respondent.

ROBERTS, Judge.

On June 4, 1942, Anne C. Lomheim, now Anne C. McBride, obtained a divorce from the defendant in the circuit court of Sully County and the exclusive care and custody of the minor daughters, Marcella Anne, ten, Alice, eight, and Charlotte, six. The decree further provided as follows:

> "For the purpose of making such payment of costs and attorney's fees, and for the maintenance of the children of the marriage during their minority, and as an allowance to the plaintiff as the wife of the defendant, there is given and granted to the plaintiff all of the interest of the defendant, Henry C. Lomheim, in and to the property of the estate of James C. Lomheim, deceased. The property in which such interest is given to the plaintiff has been inventoried and appraised in the proceedings relating to the estate of said James C. Lomheim, deceased, pending in the County Court of Sully County, S. D., and the list of such property contained in such inventory is hereby referred to, and by this reference made a part of this judgment and decree."

An order modifying the divorce decree was entered November 23, 1943. The material portions of this order read:

"It further appeared to the Court that the heirs of the said James C. Lomheim have entered into an agreement, in which the plaintiff joined for a division of the property of the estate, and under such agreement for division the share of the defendant in such estate will consist of farm and ranch land described as the West Half and Southeast Quarter of Section 22, Township 115, Range 78, and East Half of Southwest Quarter of Section 28, Township 115, Range 79, in Sully County, South Dakota; and a small residence property in Onida, South Dakota, described as lots 15, 16 and 17 of Block 31, Cole's Addition and Lot 27, Block 15 of Second Addition to Onida. * * * The Court finds that it is necessary that the children of the parties be adequately supported, and that the only means at hand by which they may be supported is from the property which is to come from the James C. Lomheim estate as the share of the defendant therein. The Court further finds that a fair settlement of the support and property matter between the plaintiff and the defendant, is that the plaintiff shall have awarded to her, absolutely, such small residence property in Onida, South Dakota described as Lots 15, 16 and 17 of Block 31, of Cole's Addition to Onida; that all of the remainder of the property should be held charged with the support, maintenance and education of the children of the parties. Accordingly, it is ORDERED that Lots 15, 16, and 17 of Block 31 of Cole's Addition to Onida, South Dakota be awarded to the plaintiff Anna C. Lomheim, otherwise known as Anne C. Lomheim, as her absolute property. It is further ordered that all of the rest and remainder of the share of the defendant Henry C. Lomheim in the estate of James C. Lomheim, deceased, after the obligations of the defendant to such estate are taken care of, * * * shall be assigned to and vested in C. R. Garner of Onida, South Dakota, as trustee, for the support, maintenance and education of the children of the parties hereto. Said C. R. Garner shall have the power and authority, under the supervision of the Court, to manage said property, collect the rents and profits

thereof, and under the order of the Court to sell any of such property, and to apply the proceeds of the rents and profits therefrom and from the sale of said property to the support, maintenance and education of the children of the parties hereto."

The daughter, Marcella Anne, is substantially handicapped. The court found that she has been afflicted with spastic paralysis since birth, has never walked and is an invalid and unable to support herself.

In September 1943, defendant sought a modification of the divorce decree. He asked that "the Court modify its judgment and decree to the end that there be a more equitable and a fairer distribution of the said property, and that this defendant be given a part thereof" or that in the alternative "the Court modify said judgment to provide that the proceeds to be derived from the estate of James C. Lomheim, deceased, be placed in trust with some trustee, to be distributed in such amounts and at such times as the Court may require to safeguard said funds for the benefit of the life, health and education of said minor children". Plaintiff filed an affidavit in opposition to the motion. She therein stated that "(i)f the plaintiff alone were the one to be considered, she could largely take care of herself. But, with a crippled helpless child on her hands and two other small children she is handicapped greatly in earning. The property that will finally be received from the share of the defendant in the James C. Lomheim estate will not be liquid assets that can be readily turned into money, and the income therefrom will be small. The plaintiff has no objection to having any property received from the James C. Lomheim Estate being considered and held as a trust for the care and support of the children. However, the plaintiff asks in connection therewith that the defendant be required to see that the children are adequately provided for by regular payments to be made by the said defendant." The parties seemingly recognized that the obligation to support the children rested with their parents and that the court was charged with the duty of enforcing such responsibility. On November 23, 1943, the judgment in the divorce action was modified as we have indicated. The trust properties have been and are

now under the control of the court and the trustee in carrying out and administering the trust has collected the rentals and income and paid amounts fixed by the court for the support, maintenance and education of the three beneficiaries. Marcella Anne, living with her mother, is now the sole beneficiary under the judgment of the court. Payments for the support and maintenance of the other two children were discontinued when they attained their majority.

On December 14, 1965, Anne C. McBride filed a petition for termination of the trust alleging that "the purpose of said trust has been fulfilled," that "Marcella Anne Lomheim does not need the benefit of this trust since the petitioner, her mother, can adequately supply her with all the care, support and education she might need or desire" and that "the three (3) named beneficiaries, all of whom are of full legal age, have consented in writing to the termination of said trust." Defendant appeared in the proceeding and resisted granting of the petition. From an order denying her petition, plaintiff has appealed contending, first, that since the beneficiaries have consented to termination and the basic purposes of the trust have been fulfilled, the court erred in its refusal to terminate and, second, that the trial court in the absence of fraud had no authority to change the property rights of the parties finally settled and adjudicated in the decree of divorce.

The statutes and decisions in this state recognize and declare that when a divorce is granted the court has a continuing jurisdiction to change or modify provisions of the decree for the support and education of the children of the marriage. SDC 14.0724 and 14.0726; Matthews v. Matthews, 71 S.D. 115, 22 N.W.2d 27; Johnson v. Lowary, 81 S.D. 202, 132 N.W.2d 823. The legal obligation of parents to support their children is not affected by a decree of divorce. There is a fundamental difference as this court pointed out in Houghton v. Houghton, 37 S.D. 184, 157 N.W. 316, between the position of divorced persons towards each other and that of the children to either or both of the parents. "While the former husband and wife are no longer husband and wife, the relation of parent and child still exists

between the mother and children on the one hand, and between the father and the children on the other hand, even though the mother has their exclusive custody. In a divorce case the children are, and continue to be virtually wards of the court." The duty and obligation of parents to support their offspring does not necessarily terminate at the age of majority. It is the obligation of a parent to support his child who is unable to maintain himself by work without regard to age. SDC 14.0312; Tesch v. Tesch, 65 S.D. 637, 277 N.W. 328. While in many jurisdictions it is held that the court in a divorce action is without authority to provide support for an incapacitated adult child, the rule in this state is that a parent's liability to support such adult child may be enforced in a divorce action. Mower v. Mower, 47 S.D. 353, 199 N.W. 42; annotation in 162 A.L.R. 1084. We regard the present proceeding as incidental to the action in which the divorce decree was entered and jurisdiction retained.

■■ Appellant contends that the divorce decree having assigned to her all the interest of the defendant in and to the properties of the estate of his deceased father for the maintenance of the children during their minority is a final adjudication of the rights of the parties and that liability for maintenance ceased when the youngest child reached her majority. The general rule unquestionably is that a divorce decree providing for a division of property between the parties is final and cannot be modified in the absence of grounds on which ordinary judgments may be modified and set aside. Cameron v. Cameron, 31 S.D. 335, 140 N.W. 700; Van Diepen v. Van Diepen, 73 S.D. 366, 43 N.W.2d 499; Johnson v. Lowary, supra. The final decree entered in this case cannot be considered a final adjudication of the parental rights and duties of the parties. It did not in fact purport to grant to the appellant the interest in the properties of the estate freed from contemplated support of the children. The trial court under the provisions of section 14.0724, supra, retained the same jurisdiction to which such section relates that it had prior to entry of the final decree. The court had the power to modify or alter the decree so long as there was under its protection either a minor or incapacitated adult child unable to maintain himself.

■ It is argued that appellant can adequately provide for the care and maintenance of the daughter and is therefore entitled to have the trust terminated and to a transfer of the property and increments to her. The matter before the court related to the welfare and needs of the invalid daughter and the safeguarding of the corpus of the trust and resulting income for her benefit and not to the ability of the mother to provide such needs. The obligation to support the daughter rests with both parents and the court is charged with the duty of seeing that this responsibility is carried out. It is undisputed that the daughter will never gain normalcy. The object of the so-called trust has not been fully attained and termination is not required because of the judgment of appellant and the beneficiaries named in the order of the court that the object thereof may be better accomplished in some other way. The court could adopt or reject such course as from the situation of the parties seemed consistent and proper. In view of all the facts shown, we do not think that the court abused its discretion in denying the application.

The order appealed from is affirmed.

RENTTO, P. J., and HANSON and BIEGELMEIER, JJ., concur.

HOMEYER, J., dissents.