491 P.2d 231

Sandra HARMON, Plaintiff and Appellant,

v.

Larry Ralph HARMON, Defendant and Respondent.

No. 12517.

Supreme Court of Utah.

Nov. 30, 1971.

6. Ibid. at p. 281, 470 P.2d at p. 263.

George H. Searle, Salt Lake City, for plaintiff and appellant.

Gerald L. Turner, Salt Lake City, for defendant and respondent.

CROCKETT, Justice:

Plaintiff brought this appeal for the stated purpose of challenging the authority of the District Court to order a stay of execution where there has been an adjudication of an amount past due under a decree of divorce. The decree had required the defendant to pay $150 per month as support money for two minor children whose custody was awarded to the plaintiff. After a hearing the District Court found an arrearage of $1496 and entered judgment for that amount. However, upon due consideration of the circumstances of the parties, the court ordered that so long as the defendant made the regular payments of $150 per month, plus an additional $20 per month on the arrearage, no execution should issue.

Plaintiff makes no complaint that under the circumstances shown the trial court's action was unreasonable or an abuse of discretion. This brings into direct focus for our consideration as her sole contention: that the judgment on the accumulated support money has the same status as any other judgment at law on any other debt; that it can be enforced and collected as any other judgment; and that the trial court is powerless to interfere therewith.

The statute relating to the rights of the parties concerning the disposition of property and children is Sec. 30–3–5, U.C.A. 1953:

Disposition of property and children.— When a decree of divorce is made, *the court may make such orders* in relation to the children, property and parties, and the maintenance of the parties and children, *as may be equitable. The court shall have continuing jurisdiction to make such subsequent changes or new orders with respect to* the support and maintenance of the parties, the custody of the children and their *support and maintenance,* or the distribution of the property *as shall be reasonable and necessary.* [Emphasis added.]

■ From the language of the statute, and as stated numerous times by the decisions of this court, these propositions are firmly established: (1) that such proceedings are equitable;[1] and (2) that under the authority conferred "to make subsequent changes or new orders with respect to \* \* \* the custody of the children and their support and maintenance \* .\* \*" the court retains jurisdiction to deal with such matters in supplemental proceedings with the same authority and in the same manner as it could deal with them originally.[2]

■ In order to carry out the important responsibility of safeguarding the interests and welfare of children, it has always been deemed that the courts have broad equitable powers. To accept the plaintiff's contention that an adjudged arrearage is tantamount to a judgment in law, would in the long run tend to impair rather than to enhance the abilities of both the plaintiff and the court to accomplish the desired objective. Such a judgment at law does not have the valuable and useful attribute which allows its enforcement by contempt measures. For the foregoing reasons decrees and orders in divorce proceedings are of a different and higher character than judgments in suits at law; and by their nature are better suited to the purpose of protecting the interests and welfare of children.[3]

In carrying out that objective there are a number of factors to be taken into consideration. These include not only the enforcement of the payment of support money which becomes due, but perhaps more

1. E. g. Wiese v. Wiese, 24 Utah 2d 236, 469 P.2d 504; Wilson v. Wilson, 5 Utah 2d 79, 296 P.2d 977.

2. Ibid. and see Bott v. Bott, 20 Utah 2d 329, 437 P.2d 684; Harrison v. Harrison, 22 Utah 2d 180, 450 P.2d 456.

3. In addition to enforcement by the court's equitable powers, they are not dischargeable in Bankruptcy, 11 U.S.C.A. Sec. 35.

important, the conserving of the prospects for its continuance. We note our recognition of the facts that when money is past due and reduced to judgment the defendant ordinarily should be required to satisfy the obligation out of any of his assets available for the purpose, and that the court should be reluctant to interfere with the collection of such an accrued debt. Nevertheless, it is also to be realized that there may be situations where it appears to the court that the levying upon and taking away an asset from the defendant, or the garnishment of his salary, might result in the impairment or destruction of a means of producing income, so that the long-range effect would be more likely to defeat than to achieve his purpose of seeing that the children are provided for.

Based upon what we have said herein it is our conclusion that where it appears to be in furtherance of the court's responsibility of safeguarding the welfare of children, the District Court may upon conditions which he deems appropriate and consistent with that objective, make an order such as the one here under attack, staying the issuance of an execution.[4] When this is done, consonant with the usual rule of review in equitable matters, his action will not be disturbed on appeal unless

4. As to equitable power of court to stay execution see the case of Duffy v. Duffy, 19 A.2d 336, 19 N.J.Misc. 332.

it clearly and persuasively appears that he abused his discretion.[5]

Affirmed. The parties to bear their own costs.

CALLISTER, C. J., and TUCKETT, HENRIOD and ELLETT, JJ., concur.

5. See cases footnotes 1 and 2 above.