Argued March 29, affirmed as modified April 16, 1973

# LANGNESE, *Respondent, and* LANGNESE (No. 375 028), *Appellant.*

508 P2d 831

*George P. Haley,* Portland, argued the cause and filed the briefs for appellant.

*Jack D. Howe,* Portland, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

FOLEY, J.

■ In this dissolution of marriage case the only issues involve property distribution and support. The parties are in their late forties and have been married

24 years. We have reviewed the property division and provision allowing petitioner-wife three years' alimony at $50 per month. We conclude that these provisions, when all circumstances are considered, are fair.

■ However, as part of the decree, the court awarded $125 per month to petitioner-wife as support for the minor child, then 19, for "* * * as long as said child lives with the Petitioner, but not beyond said child's 23rd birthday." Respondent-husband contends that this order is erroneous insofar as it requires him to support the child past the age of majority. We agree.

ORS 107.105(1) provides in pertinent part as follows:

"Whenever a marriage is declared void or dissolved, the court has power further to decree as follows:

"(a) For the future care and custody of the minor children of the marriage as it may deem just and proper. * * *
"* * * * *"

This statute is new, having been created by the 1971 legislature, and it has not been the subject of judicial interpretation. However, it is not significantly different from former statutes which have been interpreted, and therefore the case law involving those statutes is applicable.

An annotation found at 162 ALR 1084, 1085 (1946), entitled: *Power of court in divorce or separation suit to provide for support of, or aid to, adult child, or to continue provision for support after child attains majority,* is directly in point. The general rule is that, "* * * except in a few scattered cases," a divorce court "is without power to provide for the support of,

or aid to, an adult child of the parties, or to continue a provision for support after a child attains his majority."

Two Oregon cases are cited in the annotation for this proposition. *Mack v. Mack,* 91 Or 514, 179 P 557 (1919), involved the application of former § 514, Lord's Oregon Laws, which provided as follows:

> "At any time after a decree is given, the court or judge thereof, upon the motion of either party, shall have power to set aside, alter, or modify so much of the decree as may provide for the appointment of trustees for the care and custody of the minor children, or the nurture and education thereof, or the maintenance of either party to the suit."

The *Mack* court stated that:

> "* * * The statute authorizes the court when the marriage is dissolved to provide for the nurture and education of the *minor* children of the marriage. When such a child reaches the age of majority he is no longer a ward of the court, and such provision should cease to be effective. * * *" *Mack v. Mack,* supra, 91 Or at 517.

The other Oregon case cited is *Jackman v. Short,* 165 Or 626, 109 P2d 860, 133 ALR 887 (1941). In that case, while deciding whether a divorced father might be required to pay for educational expenses of his child, the court had occasion to discuss the outer limits of a divorce court's power to order support:

> "Chapter 80 of Oregon Laws of 1935 says that 'In this state any person shall be deemed to have arrived at majority at the age of twenty-one years.' When a child reaches the age of majority, and thus ceases to be a ward of the courts, the authority conferred by the above sections of our laws to make provision for his nurture and education ceases. *Mack v. Mack,* supra." *Jackman v. Short,* supra, 165 Or at 638.

The "above sections" referred to were §§ 6-914 and 6-915, Oregon Code 1930. Section 6-914 provided in pertinent part as follows:

"Whenever a marriage shall be declared void or dissolved, the court shall have power to further decree as follows:
"* * * * * *

"2. For the recovery from the party in fault, and not allowed the care and custody of such children, such an amount of money, in gross or in instalments, as may be just and proper for such party to contribute toward the nurture and education thereof;
"* * * * * *"

Section 6-915 granted to the court which entered the decree power

"* * * to set aside, alter or modify so much of the decree as may provide for the appointment of trustees for the care and custody of minor children, or the nurture and/or education thereof * * *"

We have been unable to find any later Oregon cases discussing this issue. However, a reading of later cases in other jurisdictions following Annotation, 162 ALR 1084 (1946), indicates that the Oregon position as expressed in *Mack* and *Jackman,* that the divorce court is without power to provide for the support of a child after the child attains his majority, is clearly the majority rule.[1] The order regarding support is modified to delete the words "23rd birthday" and to substitute "21st birthday."

Affirmed as modified.

------

[1] The holding in this case should not be construed to prevent a needy adult child in a proper case from prosecuting a proceeding to compel support. The ruling here simply is that an order of support of adult children is not within the power of the divorce court.