**Henry C. DEHM, Plaintiff and Appellant,**

**v.**

**Yvonne Geraldine DEHM, Defendant and Respondent.**

**No. 13964.**

Supreme Court of Utah.

Jan. 14, 1976.

Bryce E. Roe, of Roe & Fowler, Salt Lake City, for plaintiff-appellant.

Harley W. Gustin, of Gustin & Gustin, Salt Lake City, for defendant-respondent.

MAUGHAN, Justice:

Plaintiff filed a motion to reduce or eliminate alimony on the ground there had been a substantial change of circumstances in the earning capability of defendant since the entry of a decree of divorce in June, 1967. Defendant filed an answer and counter-motion seeking an increase in alimony and child support and a modification of the provisions of the decree providing for child support and insurance coverage during the minority of the children.

The trial court made orders continuing child support, alimony, insurance, and dental expense provisions of the original decree. We sustain child support, insurance, and dental expense orders; but reverse as to alimony.

The subject children are twin girls, who were born in August, 1956. The evidence adduced indicates that the girls are socially, mentally, and physically retarded. These children will require specialized care throughout their lives and are not capable of performing a vocational task outside of a sheltered environment. They cannot prepare their own meals or provide for their own personal hygiene. They are unable to handle financial or household responsibilities.

The trial court found the children were incompetent and dependent on both parties, and plaintiff's obligation of support in the sum of $325 per month should continue indefinitely irrespective of the chronological age of the children. A further finding was that the defendant-mother's obligation of support was equalized, in part, by having the responsibility of custody and control of the children in her family unit and the costs incident thereto.

On appeal, plaintiff contends the trial court exceeded its jurisdiction, when it ordered plaintiff to continue support pay-

ments and insurance programs for the benefit of the children, after their majority. Plaintiff urges that the term "children" in Section 30–3–5, U.C.A.1953, although undefined means minor children. Plaintiff concedes there is no Utah decision specifically in point. To sustain his position, plaintiff cites 162 A.L.R. 1084, 1090–1091, wherein it is stated that, almost without exception, the court in a divorce suit is without authority to provide support for an incapacitated child. A survey of the cases in the annotation, as well as others cited by plaintiff, reveals the rationale of these decisions and provides a rational basis to distinguish them from the statutory scheme in Utah.

For many jurisdictions, the statutes authorizing the court to enter a decree for the support of children expressly refer to "minor" children; and under such a statute, the court may not require support of a child beyond his minority even though he is incapacitated and incapable of self-support.[1] In *Borchert v. Borchert*[2] the term "children" was undefined in the statute granting equity courts in divorce cases power to order and direct who shall be charged with the support and maintenance of the children. The court perused other statutory provisions and observed that it was a criminal offense to fail to provide for a minor child, and reasoned that the omission of the legislative branch to provide for a similar penalty for failure to support an incapacitated child placed such children on a different footing from minor children. It stated that without further legislative action it could not hold that the divorce statute included other then minor children. In *Thiessen v. Moore*[3] it was held that since the legislature had not imposed an obligation upon the parent beyond the majority of the children, the court was without power to create such an obligation, or to do other than provide for the maintenance of the children during minority.

█ However, there are decisions which hold that upon a showing that any of the children of the parties is either physically or mentally deficient or unable to support himself when he reaches his majority, the court's authority to require maintenance may extend past the date upon which the child attains his majority.[4] We think these cases are more in consonance with reason and justice. In 2 Nelson, Divorce and Annulment (2d Ed., 1961 Rev.Vol.), Section 14.80, p. 114 states:

. . . although in some jurisdictions, because of statutory provisions requiring support by the parent of an adult child unable to support himself, support may be ordered for an adult child who is disabled or incompetent.

Section 30–3–5, U.C.A.1953, as amended 1975, provides:

When a decree of divorce is made, the court may make such orders in relation to the children, property and parties, and the maintenance of the parties and children, as may be equitable. The court shall have continuing jurisdiction to make such subsequent changes or new orders with respect to the support and maintenance of the parties, the custody of the children and their support and maintenance, or the distribution of the property as shall be reasonable and necessary. . . .

█ Under this statute, the court retains jurisdiction to deal with the matters set forth in supplemental proceedings with the same authority and in the same manner

---

1. *Levy v. Levy*, 245 Cal.App.2d 341, 53 Cal.Rptr. 790 (1966) ; *Langnese v. Langnese*, 13 Or.App. 88, 508 P.2d 831 (1973) ; *O'Hair v. O'Hair*, 109 Ariz. 236, 508 P.2d 66 (1973) ; 2 Nelson, Divorce and Annulment (2d Ed., 1961, Rev.Vol.) § 14.80, p. 114.

2. 185 Md. 586, 45 A.2d 463, 162 A.L.R. 1078 (1946).

3. 105 Ohio St. 401, 137 N.E. 906 (1922).

4. *McCarthy v. McCarthy*, Minn., 222 N.W.2d 331 (1974) ; *McBride v. Lomheim*, 82 S.D. 263, 144 N.W.2d 564 (1966) ; *Mower v. Mower*, 47 S.D. 353, 199 N.W. 42 (1924).

as it could deal with them originally.[5] The divorce courts in this jurisdiction are deemed to have broad equitable powers in safeguarding the interests and welfare of children. The decree and orders in a divorce proceeding are of a different and higher character than judgments in an action at law, and by their nature they are better suited to protect the interests of children.[6]

Since the term "children" has been neither limited nor defined by the legislature in Section 30–3–5, a court in a divorce proceeding has the authority to order support for "children" so long as there is a legal duty on the part of the parents to so provide.

In Chapter 45, Title 78, the legislature has set forth with specificity the duty of every man (78–45–3) and the duty of every woman (78–45–4) to support their children. Section 78–45–2(4), U.C.A.1953, as enacted 1957, defines "child" as a son or daughter under the age of 21 years or a son or daughter of whatever age who is incapacitated from earning a living and without sufficient means.

Plaintiff has urged that if there be an obligation on his part to support his children, they alone may enforce it after they have attained their majority, as provided in Section 78–45–9, U.C.A.1953, as amended 1975. This statute provides that the obligee *may* enforce his right of *support* against the obligor. By its express terms this statute is permissive and not mandatory and does not foreclose the right of a person to enforce the duty of support set forth in the act by any other means provided by law. This act does not provide any distinction between children under 21 years and incapacitated children; yet surely the act would not be construed as providing the exclusive remedy to procure support for minor children, which traditionally has been within the jurisdiction of a divorce court. This act sets forth the legal duty of support, which may be enforced thereunder or by any other proceeding provided by law.

Plaintiff contends the trial court erred by denying the motion to terminate or reduce alimony on the ground there had been a material change of circumstances in the earning capability of defendant. We think this point is well taken.

At the time the decree was entered, defendant had an income of $220 per month; and plaintiff had an income of $1,300 per month. Defendant's income, at time of trial, had increased to $946 per month and plaintiff's to $2,200.

From the time of the divorce to the present, plaintiff has been paying defendant alimony in the sum of $300 per month. During these eight years, the defendant returned to school, secured a bachelor's and a master's degree, and is gainfully employed. In addition, defendant has acquired equities and savings in the approximate amount of $11,500. She also maintains a life insurance policy, with the two children as beneficiaries. This policy costs $1,000 per year.

Although an increase in the income of a divorced wife does not, of itself, determine a reduction of alimony; neither does an increase in the income of a divorced husband, of itself, determine the maintenance of alimony. Here, the thrust of defendant's testimony is that she needs this alimony in order to augment her retirement income and to maintain the insurance policy for the two children. No claim is made that the alimony is needed for her support, nor could such a claim be made, in view of her present ability to support herself.

In a situation such as this, where the defendant is gainfully employed, making a salary sufficient to satisfy her needs, is adequately housed, and is in good health; one of the functions of alimony is

---

5. *Harmon v. Harmon*, 26 Utah 2d 436–438, 491 P.2d 231 (1971).

6. Ibid.

not to provide retirement income. We do not want to confuse alimony with annuity.

With regard to the insurance policy maintained by defendant for the benefit of the children, it should be noted that plaintiff currently maintains, and has done since the divorce, an insurance policy in the amount of $50,000, with the children as beneficiaries. This requirement was made of plaintiff in the original decree, and its force is continued by the action of the trial court in these proceedings. To allow defendant's insurance policy to be maintained, through the payment of alimony, would be forcing plaintiff to maintain two insurance policies, which is more than reasonable, equitable, or fair. Should plaintiff die, the proceeds from the insurance policy would be available for the support of the two children. Should defendant die, the liability to support the children would yet devolve upon plaintiff. It should also be noted that the original decree required plaintiff to supply $2,500 in dental care for the two children, if such were needed. This requirement is also continued in force by the ruling of the trial court in these proceedings.

We conclude that to award alimony in these circumstances is neither necessary nor reasonable, and reverse that part of the trial court's order with instructions to reduce the alimony to $1.00 per year.

Finally, defendant contends that plaintiff's motion for a new trial was not timely filed, as provided by Rule 59(b), U. R.C.P.:

A motion for a new trial shall be *served* not later than 10 days after the entry of the judgment. [Emphasis supplied.]

Defendant's contention is that a motion for a new trial must not only be *served*, but *filed* not later than ten days after entry of the judgment.

Rule 5(d), U.R.C.P., provides:

All papers after the complaint required to be served upon a party shall be filed with the court either before service or within a reasonable time thereafter.

The motion was filed within two days after service which comports with the reasonable time requirement of Rule 5(d), U. R.C.P.

No costs awarded.

ELLETT and CROCKETT, JJ., concur.

TUCKETT, Justice (concurring and dissenting).

I concur in that portion of the majority opinion which deals with alimony. I cannot agree with the majority's ruling that the former plaintiff may be ordered to support the children of the marriage even after they have reached the age of majority. It should be noted that the word "children" as used in Section 30–3–5, U.C.A. 1953, which is set forth in the majority opinion, uses the word without regard to the mental age of the children or the capacity of the children mentally or physically. Had the legislature intended to go beyond the ordinary meaning of the word "children," it could have easily made that distinction. Prior decisions [1] of this court have construed the word "children" as those persons under the age of majority as defined by Section 15–2–1, U.C.A.1953. The Uniform Civil Liability for Support Act which is discussed in the majority opinion is a statutory scheme providing for the support of dependents. The act provides for a separate cause of action to enforce the duty of support by parents, but no provision is made which would permit enforcement under the divorce laws. It is further noted that the Uniform Support Act designates who may become parties and those designated are not necessarily a husband and wife. I do not think the

1. *Anderson v. Anderson*, 110 Utah 300, 172 P.2d 132; *Stanton v. Stanton*, 30 Utah 2d 315, 517 P.2d 1010.

court should commingle the provisions of that act with Section 30–3–5, U.C.A.1953, which deals with the support of minor children in a divorce proceeding.

I would remand for a new trial on all issues.

HENRIOD, C. J., concurs in the views expressed in the opinion of TUCKETT, J.