**Leonard J. GARRAND, Plaintiff and Respondent,**

v.

**Josephine Olivia GARRAND, Defendant and Appellant.**

**No. 15270.**

Supreme Court of Utah.

June 27, 1978.

Richard L. Bird, Jr., of Richards, Bird & Kump, Salt Lake City, for defendant and appellant.

Stephen L. Johnston, Salt Lake City, for plaintiff and respondent.

MAUGHAN, Justice:

Plaintiff was granted a divorce from his wife, the defendant, on October 10, 1969, and was ordered to pay alimony and child support. By a petition for Modification of Decree, filed November 5, 1976, defendant sought an increase in the alimony and support payments. The district court, after a hearing on April 12, 1977, ordered defendant's alimony and support payments to the son, Joseph, to be increased. Support payments for the daughter, Karla, who turned eighteen in 1976, were terminated. Both parties were denied attorneys' fees. Defendant's motion to amend the Order and plaintiff's motion for rehearing were denied. Defendant appeals, claiming several errors, and plaintiff cross-appeals. We reverse the district court's ruling as to the support payments for the daughter. Costs to defendant. All statutory references are to Utah Code Annotated, 1953.

■ The 1969 divorce decree ordered plaintiff to pay $250 per month as alimony and $150 per month to defendant for each child. In addition to plaintiff's tax returns for 1966, 1967 and 1968, the court used plaintiff's income statement for the first five months of 1969, to aid in its determination of the amounts of alimony and child support.

Defendant points out that plaintiff's 1969 income would have been approximately $20,800, based on the income for the first five months of that year. This figure is what the court used to determine the amount of alimony and child support to be paid, she asserts. In reality, plaintiff made over $27,000, that year, which figure the court below used in its determination of the extent of change in plaintiff's earnings between the time of the divorce decree and the date of the hearing. Defendant argues that it was error to admit the 1969 tax return into evidence, since it was not considered by the court in 1969, and therefore was not the proper basis for comparison with plaintiff's financial condition in 1977.

Apparently plaintiff is in a profession in which his income fluctuates from year to year. In our view, the district court's consideration of the 1969 tax return, along with returns for years thereafter, was not improper. Clearly, the only reason that the 1969 tax return was not before the court in 1969 was simply that it did not yet exist. Defendant makes no claim that plaintiff attempted to conceal from the court the true amount of income he earned in 1969.

In any event, it is difficult to see how defendant has been harmed by the court's action. The court took note of the increase in plaintiff's income since the original decree, and did in fact increase the alimony payments from $250 to $375 per month. While it is possible that the increase could have been somewhat more, had the 1969 tax return not been considered, we feel the district court was within its discretion in the determination it made.

■ Defendant asserts the court erred in ruling as a matter of law that plaintiff's obligation to support Karla was terminated because she was past the age of eighteen. With this we agree. The original decree of divorce simply provides for support payments to be made for the "care and support of each child of the parties . . ." It does not specify "minor" children, in this regard. In its findings of fact and conclusions of law, filed April 19, 1977, the district court concluded that the duty of support for Karla terminated on her eighteenth birthday, since section 15–2–1, as it stood before its amendment in 1975, applied. Section 15–2–1 at that time read:

> The period of minority extends in males to the age of twenty one years and in females to that of eighteen years, but all minors obtain their majority by marriage.[1]

While the statute as it existed before 1975 is applicable to the time frame of this

---

1. In 1975, the legislature amended the statute to read:
 The period of minority extends in males and females to the age of eighteen years; but all minors obtain their majority by marriage. It is further provided that courts in divorce actions may order support to age 21.

case, it by no means requires the termination of support for Karla upon her eighteenth birthday. We noted in *Dehm v. Dehm*[2] that section 30–3–5 gives the district court continuing jurisdiction over the parties with respect to the support and maintenance of the children. We then stated:

> Since the term 'children' has been neither limited nor defined by the legislature in Section 30–3–5, a court in a divorce proceeding has the authority to order support for 'children' so long as there is a legal duty on the part of the parents to so provide.

> In Chapter 45, Title 78, the legislature has set forth with specificity the duty of every man (78–45–3) and the duty of every woman (78–45–4) to support their children. Section 78–45–2(4), U.C.A., 1953, as enacted 1957, defines 'child' as a son or daughter under the age of 21 years or a son or daughter of whatever age who is incapacitated from earning a living and without sufficient means.[3]

Thus, the district court has authority to order support payments for Karla until she reaches twenty one.

The district court's apparent reliance upon section 15–2–1, as it stood before 1975, is also misplaced because the United States Supreme Court has held it to be an unconstitutional denial of equal protection of the laws, as guaranteed by the Fourteenth Amendment.[4]

Courts in divorce cases have broad equitable powers, in order to carry out the important responsibility of safeguarding the welfare of the children.[5] In view of this responsibility, the case must be remanded for a determination by the court of the propriety of continuing or discontinuing the support payments to Karla, and, if continued, in what amount.

 Defendant also contends that she is entitled to attorney's fees incurred in seeking enforcement of an order to allow discovery of information regarding plaintiff's business. The trial court, in its order modifying the decree, denied attorneys' fees to both parties. Rule 37(a)(4) of the Utah Rules of Civil Procedure provides that the court *may* order a party to pay attorney fees to the party obtaining an order compelling inspection of documents. The sanction is not mandatory, and is not called for if the court finds that opposition to the motion for the order was substantially justified. From a review of the record, we do not perceive that the district court abused his discretion by not granting defendant attorney's fees.

 We turn finally to plaintiff's claim that the district court erred in considering both his individual income and the income of his wholly-owned corporation. The corporation, formed in 1976, reported net income for that year of approximately $23,000. Plaintiff field an affidavit by his accountant in support of a motion for rehearing and requested the court to hear the accountant's testimony. The court, having the affidavit on file, declined to hear the testimony, and denied plaintiff's motion for rehearing. Recognizing the wide discretion which the district court has, we find no error in considering both plaintiff's individual income and the corporate income in determining the change of circumstances from 1969 to 1976. Likewise, no error was committed by the court's refusal to hear the testimony of the accountant; plaintiff's brief indicates the proposed testimony was substantially the same as the affidavit filed and considered by the court.

WILKINS, and HALL, JJ., concur.

ELLETT, Chief Justice (concurring and dissenting).

I concur, except that I would affirm the ruling of the district court in its entirety.

---

**2.** Utah, 545 P.2d 525 (1976).

**3.** Id. at 528.

**4.** *Stanton v. Stanton,* 421 U.S. 7, 95 S.Ct. 1373, 43 L.Ed.2d 688 (1975).

**5.** *Harmon v. Harmon,* 26 Utah 2d 436, 491 P.2d 231 (1971); *Dehm v. Dehm,* supra note 2.

In my opinion the trial court correctly ruled that under our law, both before and after the amendment to U.C.A., 1973, Sec. 15–2–1, the right to support money for the daughter, Karla, terminated at her age of eighteen years.

The only change made by the 1975 amendment [1] to Sec. 15–2–1 was to make all minor children obtain their majority at age eighteen and to provide that courts in divorce actions "may order support to age 21." It is to be observed that the amendment states that the court *may* order support to the age of twenty-one. The court is not obligated to do so absent a showing of such need by a child as would justify an order on both parents to furnish support so as to avoid support being furnished by the charitable agencies. In such a case where one parent is better able to furnish the support, the court may order that parent to furnish it.

As to the question of whether or not a college education on the part of an adult child is such a need as to require the court to compel a parent to furnish the costs thereof we have already spoken. In *Ferguson v. Ferguson,*[2] a case identical to the instant matter we said:

> Ordinarily a parent will be more than willing to aid and assist an adult child in securing a college education; however, one should not be compelled to do so by court order, except perhaps in some unusual circumstance, not present here. If he does not have the interests of his children at heart, that is and should be a matter of his own conscience and not of the court's.

The instant matter is not one which as a matter of law requires an order for the father to furnish a college education to his adult daughter. As a matter of adjudicated law he is not required to do so.

CROCKETT, J., concurs in the views expressed in the concurring and dissenting opinion of ELLETT, C. J.

1. Laws of Utah, 1975, Ch. 39.