Argued May 24, reversed and remanded August 17, 1977

In the Matter of the Dissolution of the Marriage of
MALLORY, *Respondent,*
*and*
MALLORY, *Appellant.*
(CA 7673, TC 400-240)
567 P2d 1051

Gerald R. Pullen, Portland, argued the cause and filed the brief for appellant.

Eric H. Carlson, Portland, argued the cause for respondent. With him on the brief were Dezendorf, Spears, Lubersky & Campbell, Robert E. Maloney, Jr. and Edwin A. Harnden, Portland.

Before Thornton, Presiding Judge, and Tanzer and Johnson, Judges.

TANZER, J.

**TANZER, J.**

This is an appeal from a denial of a motion to terminate child support. The 1974 decree of dissolution gave custody of the two children of the marriage to the mother. It further ordered the father to pay support for each of the "minor children." The parties agree that the older child is now emancipated and the support obligation for him has ended. The younger child became 18 years of age on December 14, 1976, and the father's motion seeks to terminate his support obligation as of that date.

■ The support order was entered pursuant to ORS 107.105(1)(b) which authorizes the inclusion in a decree of dissolution of an order requiring the noncustodial parent to pay support for minor children. Minor children are those who have not reached the age of majority, 18, ORS 109.510, or married, ORS 109.520. Because the decree was not entered prior to the legislative reduction of the age of majority, *see, Lekas v. Lekas,* 23 Or App 601, 543 P2d 308 (1975), *rev den* (1976), and contained no language of extension beyond majority as in *State ex rel Bakke v. Bakke,* 30 Or App 345, 567 P2d 126 (1977), the obligation to support pursuant to the decree terminated upon the\ child's 18th birthday. *Miller and Miller,* 21 Or App 253, 534 P2d 512 (1975).

■■ The trial court denied the motion to terminate on the reasoning that the decree was automatically continued in force beyond the child's 18th birthday and until the 21st birthday under the provisions of ORS 107.108(1), which states that "the court may provide for the support or maintenance of a child attending school." That section, however, is not self-executing. Such an order must appear in the decree either as issued or as modified. Absent an order, a parent has no obligation under the dissolution laws to support an adult child.

The father's motion also seeks an order "striking a balance due on arrears." The father is entitled to

cancellation of any obligation under the support order accrued subsequent to the child's 18th birthday. We are unable to make a proper calculation from the record of the amounts owed and credits due prior to that date and we therefore remand for that purpose.

Reversed and remanded. No costs to either party.