Submitted on record and briefs March 13, affirmed June 14, 1989

STATE ex rel JUVENILE (FAMILY) COURT
OF THE STATE OF LOUISIANA,
Livingston Parrish, Phyllis A. Bitner,
*Respondent,*

*v.*

McINTYRE,
*Appellant.*

(15-87-05435; CA A48182)

775 P2d 329

Edmund J. Spinney, Eugene, filed the brief for appellant.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Janet A. Metcalf, Assistant Attorney General, Salem, filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

58

## RICHARDSON, P. J.

Father appeals an order under the revised Uniform Reciprocal Enforcement of Support Act (URESA), ORS 110.005 *et seq,* that he pay child support. He contends that the order is unlawful, because he had previously obtained an order relieving him of any child support obligations. We affirm.

Father and mother were married in 1958 and divorced in Oregon in 1973. In the Oregon judgment, mother was awarded custody of the couple's five children and father was ordered to pay child support. Soon after the divorce, mother and the children moved to Louisiana without father's knowledge. As a result, in 1974, he obtained an order relieving him of the child support obligation and a warrant for mother's arrest, because she had interfered with his visitation rights.

Mother initiated this proceeding in 1987 by a petition under URESA in Louisiana, seeking an order of support for the youngest child. In her petition she reported that she had received public assistance. A complaint and certified petition were transmitted to the Circuit Court of Oregon, which found that father had a duty to support the child and ordered that he pay $50 per month.

Under URESA, Oregon is a responding state and as such must determine whether father has a "duty of support" under Oregon law. ORS 110.071. If there is a duty, the court may order him to pay support. ORS 110.201. Father contends that the trial court erred in finding that he had a "duty of support" under Oregon law because

"it has been previously determined by the Lane County Circuit Court * * * that [father] has no duty of support in Oregon. The Order entered in that divorce action on July 16, 1974, modified the previously entered divorce Decree and relieved [father] of further responsibility to pay child support until further order of the court."

The conclusive effect that father seeks from the 1974 order is not available, because URESA is an independent mechanism for Oregon, as the responding state, to determine child support obligations that are consistent with Oregon law.

**1-3.** The operative phrase under the act is the term "duty of support," which is defined to include

"a duty of support whether imposed or *imposable by law or by order, decree, or judgment or any court * * *.*" ORS 110.022(3). (Emphasis supplied.)

Under the definition, a parent may be compelled to pay support for a child, even in the absence of a previous court order imposing that obligation. *Clarkston v. Bridge,* 273 Or 68, 72, 539 P2d 1094 (1975); *State ex rel State of California v. Lagoy,* 54 Or App 164, 634 P2d 289 (1981). In the same context, a court may find a "duty of support" in a particular amount, even if a previous court order has eliminated or reduced an obligation. Because a duty of support includes one "imposable by law," URESA constitutes a procedural device to set the support obligation under Oregon law and is not merely a mechanism to enforce previous orders.[1] *See also* ORS 110.176.[2]

Father contends that allowing mother to get child support through URESA would reward her for violating his right to visitation and for failing to contest the 1974 order properly by a modification proceeding. However, support obligations are for the benefit of the dependent child, not the parent; consequently, specific acts of a parent's conduct are irrelevant in determining whether to impose a support obligation. *See State ex rel State of Alaska v. Hargrove,* 89 Or App 17, 747 P2d 366 (1987); *State ex rel State of Washington v. Bozarth,* 80 Or App 397, 722 P2d 48 (1986).

Affirmed.

---

[1] Father cites two cases from other jurisdictions that hold that an order relieving a party from support obligations must be given conclusive effect under a URESA petition. *Moffat v. Moffat,* 27 Cal 3d 645, 165 Cal Rptr 877, 612 P2d 967 (1980); *State ex rel. Arvayo v. Guerrero,* 21 Ariz App 173, 517 P2d 526 (1973). Those cases only determined whether a duty of support existed under the law of the responding state, and we are not bound by their conclusions. Moreover, both cases either expressly or impliedly interpret URESA as allowing enforcement of an already existing support obligation.

[2] ORS 110.176 provides:

"ORS 107.431 [providing for modification of child custody and support orders] shall not apply to a proceeding under this chapter when the child to whom a duty of support is owed is in another state which has enacted the Uniform Child Custody Jurisdiction Act and a court in that state would have subject matter and personal jurisdiction under that Act to determine custody and visitation rights."