Argued and submitted November 2, 1992, affirmed April 21, 1993

## STATE OF WASHINGTON
### ex rel Maribeth PIERATT,
### fka Marion E. Rogers,
*Respondent,*

*v.*

### Leroy C. BLOOM,
*Appellant.*

### (91-CV-0189-TM; CA A73289)

850 P2d 407

Daniel R. Bucknum, Bend, argued the cause and filed the briefs for appellant.

John A. Berge, Bend, argued the cause for respondent. With him on the brief was Holmes, Hurley, Bryant, Lovlien & Lynch, Bend.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DEITS, J.

## DEITS, J.

Husband's and wife's marriage was dissolved by an Oregon judgment in 1977. The judgment ordered husband to pay child support. He became delinquent in making the payments and, in 1983, wife instituted a proceeding under the Uniform Reciprocal Enforcement of Support Act (URESA), *see* ORS 110.005 *et seq*, in Snohomish County, Washington, where husband then resided. In November, 1983, the Washington court entered a judgment setting the amount of arrearages and a payment schedule. Husband remained delinquent.

Wife did not renew the Oregon judgment, pursuant to ORS 18.360. However, in 1991, wife learned that husband was about to receive an inheritance. She then registered the 1983 Washington judgment in Oregon, pursuant to ORS 24.105 *et seq*, and process was issued on it. Husband moved to dismiss the registration and to quash the process. The trial court denied the motion. Husband appeals, and we affirm.

Wife's argument is straightforward: The Washington judgment is valid, and husband submitted to the jurisdiction of that state; the foreign judgment was properly registered in Oregon; therefore, wife is entitled to have it enforced by the Oregon courts. Husband argues that, under URESA, the Washington judgment serves only the function of implementing the support obligation under the Oregon judgment. Because the lien of the Oregon judgment has lapsed, husband contends, wife may gain the enforcement of *that* judgment through the pretext of registering and enforcing the foreign judgment that merely implements the Oregon judgment. Husband reasons:

> "The Washington judgment can have no more force and effect than the Oregon Judgment upon which it is based. To find otherwise would be to add a dimension to URESA which does not exist.
>
> "The URESA scheme involves an 'initiating state' and a 'responding state.' In this case, the initiating state is Oregon. The responding state is Washington. What the Wife has attempted to do is reverse the roles of the two states."

Husband's argument presupposes that, under URESA, the Washington judgment has no independent force,

separate from its moorings in the Oregon dissolution judgment. We have interpreted URESA differently. In *State ex rel Juv. Court of Louisiana v. McIntyre*, 97 Or App 56, 775 P2d 329 (1989), Oregon was the responding state for an URESA petition initiated by the mother in Louisiana in 1987. The father argued that he had no duty of support because, in 1974, the Oregon court that had granted the dissolution had terminated his child support obligation, after the mother interfered with his visitation rights by moving the children to Louisiana. We rejected that argument:

> "The conclusive effect that father seeks from the 1974 order is not available, because URESA is an independent mechanism for Oregon, as the responding state, to determine child support obligations that are consistent with Oregon law.
>
> "The operative phrase under the act is the term 'duty of support,' which is defined to include
>
>> 'a duty of support whether imposed or *imposable by law or by order, decree or judgment or any court * * *.*' ORS 110.022(3). (Emphasis supplied.)
>
> "Under the definition, a parent may be compelled to pay support for a child, even in the absence of a previous court order imposing that obligation. *Clarkston v. Bridge*, 273 Or 68, 72, 539 P2d 1094 (1975); *State ex rel State of California v. Lagoy*, 54 Or App 164, 634 P2d 289 (1981). In the same context, a court may find a 'duty of support' in a particular amount, even if a previous court order has eliminated or reduced an obligation. Because a duty of support includes one 'imposable by law,' URESA constitutes a procedural device to set the support obligation under Oregon law and is not merely a mechanism to enforce previous orders. *See also* ORS 110.176." 97 Or App at 58. (Footnote omitted.)

For the same reasons, the Washington judgment here has vitality independent of that of the underlying Oregon judgment. Whether or not it *had* to be registered pursuant to ORS 24.105 *et seq*, in order to be enforceable in Oregon, *but see Quenzer and Quenzer*, 42 Or App 3, 599 P2d 1217 (1979), husband's argument demonstrates no basis for canceling the registration or for denying enforcement. Similarly, he does not argue that the Washington judgment had to be and was not registered in Oregon in some other manner in order to be enforceable. *See* ORS 110.277; ORS 110.281.

Affirmed.