Argued and submitted September 26, 1994, reversed and remanded for recalculation of child support June 28, 1995

STATE OF OREGON,
*Appellant,*
*and*

MAUREEN MUZZIO,
*Obligee,*

*v.*

PHILIP TENNISON,
*Respondent.*

(93-4045-S; CA A82836)

898 P2d 807

Jas. Adams, Assistant Attorney General, argued the cause for appellant. With him on the brief were Theodore R.

Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

No appearance for respondent.

Before Deits, Presiding Judge, and Riggs and Haselton, Judges.

DEITS, P. J.

**DEITS, P. J.**

The state appeals from the trial court's order under the revised Uniform Reciprocal Enforcement of Support Act (URESA), ORS 110.005 *et seq*, that failed to give effect to mother's election to provide health insurance for her and father's child. We reverse and remand.

Mother's and father's marriage was dissolved in Nevada. Pursuant to a 1991 Nevada judgment, mother was awarded custody of their child, and father was required to pay child support and provide the child's medical, dental, and eye care insurance. Mother and the child still reside in Nevada, but father is now in Oregon. In 1993, mother instituted this proceeding by filing a URESA petition in Nevada. She sought to establish an Oregon decree concerning child support, arrearages, and the provision of health insurance for the child. In accordance with URESA, a complaint and certified petition were transmitted to the circuit court in Oregon. The State of Oregon sought to impose under Oregon law mother's election to provide health insurance and to have father contribute his pro rata share of the cost of that insurance. The state also sought to establish an amount of child support arrearages and to set child support under Oregon law.

After establishing father's child support obligation under the Oregon child support guidelines at $310 per month, the trial court concluded that, because a valid court order from Nevada required father to provide the child's health insurance, and because father had acted in good faith under that order, he was entitled to a credit against his support obligation for mother's pro rata share of the cost of the insurance. The court ordered father to pay $263 per month. The court then set father's support arrearage, a determination that mother does not challenge.

On appeal, the state contends that the court erred in failing to give effect to Oregon law, which allows mother to elect to provide health insurance for the child. We agree. The trial court apparently believed that it was compelled to enforce the provision in the Nevada judgment that ordered father to provide insurance. In response to the state's request that mother be allowed to provide the insurance and that father's pro rata share of the cost be added to his support obligation, the court explained:

"Well, I'm not much interested, because in this case [father] was ordered by the appropriate Court of Jurisdiction to provide the insurance. Having acted in good faith under that order he's entitled to the credit. If the State and the Obligee wish to arrange otherwise, they may attempt to do so prospectively, but they may not attempt to do so so long as he is under a valid order to provide that insurance."

This court, however, previously has held that "URESA is an independent mechanism for Oregon, as the responding state, to determine child support obligations that are consistent with *Oregon* law"; it is "not merely a mechanism to enforce previous orders." *State ex rel Juv. Court of Louisiana v. McIntyre*, 97 Or App 56, 58, 59, 775 P2d 329 (1989) (emphasis supplied); *see also State of Washington ex rel Pieratt v. Bloom*, 119 Or App 344, 850 P2d 407 (1993). The Oregon statute that is relevant in this case is ORS 25.255(1), which provides, in part:

"All child support orders entered pursuant to * * * ORS 110.005 to 110.291 * * * shall provide, *at the election of the obligee*, * * * that the obligor shall name the subject child as beneficiary on any health insurance plan that is available, under the terms of an applicable contract, to the obligor at reasonable cost. * * * In consideration of the out-of-pocket costs to the obligor attributable to naming a child on a health insurance plan, * * * a court shall reduce the obligor's child support obligation by the amount that represents the obligee's pro rata share, based upon the obligee's proportionate share of the combined income of the parents, of the obligor's out-of-pocket costs of health insurance of the child. *When an obligor does not provide health insurance for a child, and the obligee incurs out-of-pocket costs to provide health insurance, * * * a court shall increase the obligor's child support obligation by an amount that represents the obligor's pro rata share of the obligee's out-of-pocket costs of the health insurance.*" (Emphasis supplied.)

Under that statute, mother, as the obligee, may choose to provide health insurance for the child. If she so elects, the court must increase father's child support obligation in an amount that represents his pro rata share of mother's costs of the insurance. Here, the trial court erred in failing to give effect to the law in Oregon that allows obligees to decide which of the parties will provide health insurance for their children.

Reversed and remanded for recalculation of child support.