**In re Penny L. LUTZKE, Debtor.**

**Bankruptcy No. 697–64902–AER13.**

United States Bankruptcy Court,
D. Oregon.

June 19, 1998.

John Putnam Pries, Eugene, OR, for Debtor.

R. Scott Palmer, Muhlheim, Palmer & Wade, Eugene, OR, for Creditor.

1. Unless otherwise noted, all subsequent statutory references are to Title 11 of the United States

## MEMORANDUM OPINION

ALBERT E. RADCLIFFE, Bankruptcy Judge.

This matter came before the court on the debtor's objection to the claim of James Haas (creditor). After a hearing where argument was heard, the matter was submitted.

### BACKGROUND

On August 26, 1997, debtor filed her petition for relief herein pursuant to Chapter 13 of the Bankruptcy Code. On October 29,1997, creditor filed his proof of claim in the amount of $3,629.54. The creditor claims that his debt is entitled to priority status as a child support obligation. Debtor has objected to the creditor's proof of claim conceding it should be allowed as a non-priority unsecured claim in the amount stated by creditor but objecting to any treatment of the claim as a priority debt. The material facts are undisputed. Creditor is the debtor's ex-husband, who, pursuant to a pre-petition decree of dissolution and consequent modified decree, owed child support to the debtor for the benefit of their two children. Before the petition was filed, creditor overpaid the amounts specified as support in the amount of $3,629.54. No order exists which obligates the debtor to pay creditor child support.

### ISSUE

■ The sole issue before the court is whether creditor's claim deriving from an overpayment of child support is a "priority" claim under 11 U.S.C. § 507(a)(7).[1]

### DISCUSSION

Section 507(a)(7) provides a seventh priority claim for:

> ... allowed claims for debts to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that such debt-

Code.

(A) is assigned to another entity, voluntarily, by operation of Law, or otherwise; or

(B) includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance or support.

The creditor contends that since his claim arises from an overpayment of child support, the consequent debt owing to him should retain its character as child support and the statutory priority accorded thereto. This "overpayment" issue appears to be a matter of first impression in this district. The closest analogous case, *In re Bryer*, 216 B.R. 755 (Bankr.E.D.Pa.1998) involved an ex-husband who voluntarily paid mortgage payments on his former marital home to protect his credit rating while his ex-wife was living there. The ex-wife subsequently petitioned for an increase in monthly child support payments. The parties agreed to an increase but with a monthly credit for the mortgage payments husband made, an order consistent with the agreement was entered. The wife then filed Chapter 13 and the husband claimed the credits as a priority child support debt pursuant to § 507(a)(7). In determining that the credits were not "actually in the nature of support", the court applied the third Circuit's [2] test used to determine if this same requirement had been met in § 523(a)(5).[3] The court reviewed the language and substance of the agreement and the order involving the credits, the parties' relative financial circumstances at the time the credits were ordered, and the function served by the obligation.

These are similar to the factors used in the Ninth Circuit to ascertain whether an obligation is actually in the nature of support under § 523(a)(5). *See, In Re Gibson*, 103 B.R. 218 (9th Cir. BAP 1989) and *In Re Gionis*, 170 B.R. 675 (9th Cir. BAP 1994) aff'd, 92 F.3d 1192 (9th Cir.1996).

The Ninth Circuit Bankruptcy Appellate Panel has held that the same factors are applied to determine whether or not a debt is a priority support debt pursuant to § 507(a)(7) or a nondischargeable support debt pursuant to § 523(a)(5), at least insofar as determining whether or not the debt is actually in the nature of support. *In re Chang*, 210 B.R. 578 (9th Cir. BAP 1997), *see also*, § 101(12A) which defines "debt for child support" as "a debt of a kind specified in § 523(a)(5) of this title for maintenance or support of a child of the debtor."

Here, assuming the overpayment is "in connection with" the divorce decree, as required by § 507(a)(7), creditor merely argues in a conclusory fashion that the overpayment debt should retain the same character as when he originally paid the sums to the debtor. He has stipulated, however, that the debtor is under no obligation to pay him support. As with the husband in *Bryer, supra,* he makes no argument that the amount overpaid is necessary either for his or his children's support. "Need" is an important factor in determining whether a debt is actually in the nature of support. *See, Gionis, supra.* Creditor does not argue any income disparity in debtor's favor at the time the over payments were made, nor does the record support such a finding. The record does not show that any minor children were living with the creditor when he made the payments. Disparity of income and the presence of minor children are factors in determining "need". *Gionis, supra.*

---

**2.** *See, In re Gianakas,* 917 F.2d 759 (3rd Cir. 1990).

**3.** 11 U.S.C. § 523(a)(5) provides:
(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt-
(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that -
(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to section 402(a)(26) of the Social Security Act, or any such debt which has been assigned to the Federal Government or to a State or any political subdivision of such State); or
(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;

Further, while determining what is "support" under § 507(a)(7) is a matter of federal law, state law may be instructive. *See, Gibson, supra* where the court noted that courts can look to state law for guidance in determining whether an obligation is actually in the nature of alimony, maintenance, or support for § 523(a)(5) purposes. Oregon law would not consider creditor's overpayment claim to be "child support". Support obligations are for the benefit of the dependent child, not the parent. *State ex rel. Juvenile Court of State of Louisiana v. McIntyre,* 97 Or.App. 56, 775 P.2d 329 (1989). *See also,* ORS 107.106(1)(b) which, when this case was filed, required that support orders be accompanied by the following statement: "Oregon law recognizes that child support and visitation terms are designed for the child's benefit." [4]

Finally, the creditor's argument finds no aid in § 507(a)(7)'s legislative history. The section was added by § 304(c) of the Bankruptcy Reform Act of 1994, Pub.L. 103–394 (October 1994) and became effective for all cases commenced after October 22, 1994.[5] As the Floor Statements placed in the Congressional Record provide in pertinent part: Section 304:

> . . . is intended to provide greater protection for alimony, maintenance and support obligations owing to a spouse, former spouse, or child of a debtor in bankruptcy. . . Subsection (c) provides a new bankruptcy priority relating to debts for alimony, maintenance or support obligations.

140 Cong.Rec.H. 10,764 et. Seq. (Daily ed. October 4, 1994). These comments make it clear that only "support" debt is included within the ambit of § 507(a)(7).

## CONCLUSION

Section 507(a)(7) was enacted to provide additional protection for creditors and their dependents, in *need* of support. The debtor's objection should be sustained. Creditor's claim should be allowed in the amount of $3,629.54 as a general unsecured claim. A separate order consistent herewith shall be entered. This opinion constitutes the court's findings of fact and conclusions of law pursuant to FRBP 7052. They shall not be separately stated.

---

4. This text was revised slightly effective October 4, 1997 to provide: "[t]he terms of child support and parenting time (visitation) are designed for the child's benefit and not the parent's benefit."

    *See also,* OAR 461–195–001(28) defining:

    "Support" as "cash payments or other benefits that a person has been ordered by a court or by administrative process, or has voluntarily agreed, to provide for the benefit and maintenance of another person";

    "Child Support" as "payments that an obligor has been ordered (or has agreed) to pay for the benefit of a child; and

    "spousal support" as "payments that an obligor has been ordered (or has agreed) to pay for the benefit of a current or former spouse.

    "Obligor" is defined under OAR 461–195–001(23) as "any person who is required (or has agreed) to pay child support, spousal support, alimony and/or medical support under an administrative process order, court order, or voluntary agreement. The obligor is usually the absent non-custodial parent of the beneficiary children under a support order."

    Under these definitions, creditor's claim would not be considered spousal or child support.

5. Along with § 507(a)(7), several other sections protecting marital obligations were added (e.g. § 523(A)(15) (excepting certain marital obligations from discharge); § 522(f)(1)(A) (protecting judicial liens that secure support obligations from avoidance); § 362(b)(2)(A) (excepting the establishment or modification of support from the automatic stay); and § 547(c)(7) (protecting support payments from avoidance as preferential transfers).