Argued and submitted November 30, 1998, affirmed on appeal; reversed on cross-appeal July 7, 1999

In the Matter of the Marriage of

Sandra Sue CHRISTIANSEN,
aka Sandra Sue Walker,
*Respondent - Cross-Appellant,*
*and*

Merlyn R. CHRISTIANSEN,
*Appellant - Cross-Respondent.*

(25156; CA A99045)

984 P2d 371

Robert W. Collins, Jr., argued the cause for appellant - cross-respondent. With him on the briefs was Collins & Collins.

Mikel R. Miller filed the brief for respondent - cross-appellant.

Before Edmonds, Presiding Judge, and Deits, Chief Judge,* and Armstrong, Judge.

ARMSTRONG, J.

---

* Deits, C. J., *vice* Warren, P. J., retired.

## ARMSTRONG, J.

Husband appeals from a judgment in a child support enforcement action in which the trial court concluded that modifications to husband's support obligation had not extinguished his obligation to pay support under ORS 107.108 for children attending school.[1] Wife cross-appeals, claiming that the trial court erred when it determined that husband was not required to pay child support for the two months of each year in which the children were to stay with him, even though the children had not actually done that. We affirm on appeal and reverse on cross-appeal.

The facts are not disputed. Husband and wife were married in 1970 and divorced in 1979. They had two children, ages six and three at the time of divorce. The dissolution judgment incorporated a property settlement agreement. Paragraph two of the property settlement agreement and paragraph three of the dissolution judgment were virtually identical. Paragraph two of the settlement agreement provided:

"Husband shall pay to the wife the sum of $150 per month for the support of each of the minor children of the parties. The first payment shall be due on or before the 25th day of October, 1979, and a like payment shall be due on or

---

[1] ORS 107.108 provides, in pertinent part:

"(1) In addition to any other authority of the court, the court may enter an order against either parent, or both of them, to provide for the support or maintenance of a child attending school:

"(a) After the commencement of a suit for annulment or dissolution of a marriage or for separation from bed and board and before the decree therein;

"(b) In a decree of annulment or dissolution of a marriage or of separation from bed and board; and

"(c) During the pendency of an appeal taken from all or part of a decree rendered in pursuance of ORS 107.005 to 107.085, 107.095 to 107.174, 107.405, 107.425, 107.445 to 107.520, 107.540, 107.610 or this section.

"* * * * *

"(8) As used in this section, 'child attending school' means a child of the parties who is unmarried, is 18 years of age or older and under 21 years of age and is a student regularly attending school, community college, college or university, or regularly attending a course of professional or technical training designed to fit the child for gainful employment. A child enrolled in an educational course load of less than one-half that determined by the educational facility to constitute 'full-time' enrollment is not a 'child attending school.' "

before the 25th day of each month thereafter. Husband's support obligation for each child shall continue until the child reaches the age of 18 years, or sooner marries or is otherwise emancipated, and thereafter so long as the child is a 'child attending school' as defined in ORS 107.108(4) [now ORS 107.108(8)]."

Paragraph three of the judgment repeated that language and added a provision that the support payments were to be made to wife through the office of the Deschutes County Clerk.

Two days after entry of the original dissolution judgment, the parties filed a modification of the property settlement agreement in which they agreed to a temporary reduction of husband's child support obligation to $75 per child per month. The reason given for the modification was that husband's employment had changed and he needed time to reestablish himself before he could pay the originally stipulated amount.

On February 5, 1981, the parties again stipulated to a modification of the dissolution judgment. That modification was in the form of a court order, which read, in pertinent part:

"This matter having come before the Court upon the stipulation of both parties and the Court having found that there is a change in circumstances justifying the modification,

"IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the [judgment] of dissolution entered in this matter on October 12, 1979, [sic] be modified as follows:

"* * * * *

"2. Paragraph 3 of the [judgment] is modified to read as follows:

" 'Respondent shall pay to petitioner the sum of $100 per month for the support of each of the minor children of the parties. Respondent shall not be responsible for the payment of child support during the two months of visitation each summer.' "

Neither the first nor second modification contained the provision regarding the payment of support for children attending school. In addition, the second modification made no reference to the timing or manner of support payments. The judgment was modified for a third time in 1984. That modification did not address the parts of the judgment that deal with child support.

In March 1996, wife brought this action to recover a child support arrearage. In an affidavit, wife claimed that husband owed $12,971 in child support, including interest, through March 22, 1996. In April 1996, wife amended her claim to reduce the amount owed to $10,400 to account for payments for which husband had not been credited. Husband objected to wife's arrearage statement, arguing that his support obligation for each child had ended when the child turned 18. Husband contended that the modifications to the dissolution judgment had extinguished his obligation to pay support for a child over 18, even if the child was a child attending school.

At a hearing in June 1997, the trial court determined that husband's obligation to support a child attending school after the child turned 18 continued to be in effect, stating:

"I'm finding that the property settlement agreement was incorporated into the [judgment], that the [judgment] itself recited that there would be child support for children attending school, and that that provision was never specifically modified, and therefore, continued in full force and effect."

Husband asked for clarification, and the court responded:

"What I'm ruling is that they did not modify that provision concerning child support for children attending school. They modified the child support amount. And I said although the language was not repeated, there was no specific intent expressed to eliminate that provision; therefore, it would continue in full force and effect."

The trial court also determined that, as of the February 1981 modification, husband was not required to pay child support for the two months each summer that the children were supposed to spend with him, even though the children had not actually spent those months with him. The

court at first ruled against husband, saying that the abatement was linked to the fact that he would be providing the support to the children directly because they would be living with him. Husband then argued that the fact that the children had not stayed with him was not his fault and that he was still entitled to the abatement. The trial court agreed, stating, "Under the circumstances as I'm learning here, my tendency would be to say he's not obligated for the summer months, those two months, because it doesn't appear that it was his intent not to exercise visitation." Based on the court's rulings, the parties entered into a stipulation on the support arrearage, reserving their right to appeal the court's legal rulings.

■ Husband appeals the trial court's ruling that the paragraph in the dissolution judgment that requires him to pay support for children attending school was not removed by the later modifications to that paragraph. He argues that, because the property settlement agreement merged into the judgment and because later modifications of the judgment omitted the provision about children attending school, he cannot be required to pay that support. *See Mallory and Mallory,* 30 Or App 533, 535, 567 P2d 1051 (1977) (parent has no obligation to support child attending school unless specifically ordered in dissolution judgment, either as issued or as modified). We conclude that the trial court was correct when it ruled that the subsequent modifications to the dissolution judgment affected only the amount of support that husband was required to pay and were not intended to change any of the other child support provisions, such as the time and place of payment or the extent of the obligation.

■ Normally, when trying to determine the scope of a modification of a judgment, we look to the intent of the court in ordering the modification. When, as in this case, the court simply puts into effect a modification to which the parties have stipulated, the court's intent is, without evidence to the contrary, the same as that of the parties. The question then becomes: What was the intent of the parties to the modification? The trial court appears to have concluded that the subsequent modifications were unambiguously intended merely to supplement, and not to supplant, the original language in the judgment about children attending school. We disagree with the court's conclusion that the modifications were

unambiguous. We conclude that they reasonably can be interpreted to supplant the entire paragraph on child support in the original judgment, thereby eliminating the support requirement for children attending school, or to modify only the language in that paragraph on the amount of child support, leaving the obligation to support children attending school intact. Hence, the judgment, as modified, is ambiguous.

Because the judgment is ambiguous, its interpretation presents a factual issue about the parties' intent. Although the court considered the judgment to be unambiguous, it gave the parties the opportunity to make offers of proof bearing on their intent. Wife submitted evidence to support her contention that the parties did not intend the modifications to affect the obligation to support children attending school. Husband did not submit any evidence on the issue.[2] In that light, and without evidence to support an interpretation favorable to husband, we conclude that the court did not err in concluding that the judgment obligated husband to provide support for children attending school.

■    As for wife's cross-appeal, we conclude that the trial court erred when it allowed husband a two-month abatement in his support obligation for each summer that the children were supposed to visit him but did not. As the court correctly noted, the reason for the abatement was that husband would have been providing child support directly to the children, because he would be caring for them. Although ORS 107.431 allows a parent who has been denied parenting time to seek modification or termination of his or her support obligation, that modification can happen only after the parent seeking modification has filed a motion for modification with the court *and* there has been a showing that the parent having custody of the child has interfered with or denied without good cause the exercise of the noncustodial parent's parenting time. ORS 107.431(1)(a) and (d).

---

[2] In response to the court's statement that the parties' could submit evidence on their intent, husband offered the original judgment and the subsequent modifications. However, those are the documents that created the ambiguity. They do not help resolve it as a factual matter.

■    In this case, husband did not proceed under ORS 107.431. Although both parties made arguments to the court about the reason that the children did not stay with husband, the court did not find that wife had interfered with husband's parenting rights—it found only that husband had not intended that the children would not stay with him. We conclude that, under the facts of this case, a suspension of the support obligation was not warranted. Husband's argument that to require him to pay support for the summer months in which he was denied visitation would somehow "reward" wife is not well taken. Child support is for the benefit of the dependent child, not the parent. *State ex rel Juv. Court of Louisiana v. McIntyre*, 97 Or App 56, 59, 775 P2d 329 (1989). If the children chose not to stay with husband, for whatever reason, they would still need support. To allow the suspension would deprive the children of the support to which they were entitled. Accordingly, the court erred in abating husband's support obligation for the two months each summer that the children were expected to spend with him but did not.

Affirmed on appeal; reversed on cross-appeal.