**In re Karen Marie DRINKARD, Debtor.**

**Robert Guy Lankford, Plaintiff,**

v.

**Karen Marie Drinkard, Defendant.**

**Bankruptcy No. 99–60221–7. Adversary No. 99–6016.**

United States Bankruptcy Court, N.D. Texas, San Angelo Division.

Feb. 14, 2000.

Jimmy Stewart, Law Office of Jimmy Stewart, San Angelo, TX, for Mr. Lankford.

Ron Mapel, Attorney at Law, San Angelo, TX, for debtor.

## MEMORANDUM OF OPINION ON DISCHARGEABILITY OF OVERPAYMENT OF CHILD SUPPORT

JOHN C. AKARD, Bankruptcy Judge.

In this adversary proceeding Robert Lankford, former spouse of Karen Drinkard (Debtor), alleges that an "Agreed Entry" in the amount of $3,953.50 owed by the Debtor as an overpayment of child support is not dischargeable pursuant to 11 U.S.C. § 523(a)(5).[1] The court finds that the judgment is dischargeable.

### Facts

The parties married in September, 1987 and were divorced October 2, 1989 in Indiana.[2] The Property Settlement Agreement provided that their son would reside with the Debtor (the former Mrs. Lankford) and that Mr. Lankford would receive visitation rights and would pay child support. Indiana law provides for abatement of child support during extended visitation periods when the child is with the non-custodial parent. The parties signed an Agreed Entry in the amount of $3,953.50 to reimburse Mr. Lankford for overpayment of child support.[3] The judgment was filed February 26, 1999 in the Marion County Superior Court.[4] The Debtor filed for relief under Chapter 7 of the Bankruptcy Code on May 10, 1999.

### Statutes

The applicable provisions of the Bankruptcy Code read in pertinent:[5]

§ 523(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

. . . .

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—

. . . .

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support.

Applicable Indiana statutes read in pertinent part:

30 IND.CODE Art. 9 Definitions:

31-9-2-125. Support Order.—(a) "Support order" ... means any judgment decree, or order of child support issued by a court, in Indiana or another state, that has jurisdiction over the support order. The term includes orders issued under IC 31–14 through IC 31–17.

1. This court has jurisdiction of this matter under 28 U.S.C. § 1334(a), 28 U.S.C. § 157(a), and Miscellaneous Rule No. 33 of the Northern District of Texas contained in Order of Reference of Bankruptcy Cases and Proceedings *Nunc Pro Tunc* dated August 3, 1984. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(1), (b)(2)(B), and (I).

2. The court adopts the stipulations contained in the pre-trial order filed by the Debtor's attorney which was adopted by Mr. Lankford's attorney and recites only those facts necessary to reach a decision in this matter.

3. The Agreed Entry did not state that it was for overpayment of child support, but in the pretrial order the Debtor agreed that was the reason for the Agreed Entry.

4. Complaint, Ex. A.

5. The Bankruptcy Code is 11 U.S.C. § 101 *et seq.* References to section numbers are references to sections in the Bankruptcy Code.

31–9–2–85. Obligee—Petitioner.—(a) "Obligee", for purposes of 31–16–16 [an enforceable judgment against a person who is delinquent in payment of child support], means a person who is entitled to receive a payment under a support order.

31–9–2–86. Obligor—Respondent— "Obligor" for purposes of IC 31–16–15 [child support withholding orders] and 31–16–16 [see brackets above], means an individual who has been ordered by a court to pay child support.

31–10–2–1. It is the policy of this state and the purposes of this title to:

(1) Recognize the importance of family and children in our society;

. . . .

(3) acknowledge the responsibility each person owes to the other;

(4) strengthen family life by assisting parents to fulfill their parental obligations.

31–17–2–8. The court shall determine custody and enter a custody order in accordance with the best interests of the child. IND.CODE ANN. § 17 (Michie 1997).

31–18–1–24. "Support order" means a judgment, a decree, or an order, whether:

(1) temporary;

(2) final; or

(3) subject to modification;

for the benefit of a child, spouse, or a former spouse, which provides for monetary support, health care, arrearages, or reimbursement, and may include related costs and fees, interest, income withholding, attorney's fees, and other relief.

### Discussion

■■■ Exceptions to discharge are strictly construed against the movant and liberally construed in favor of the debtor in order for the debtor to receive a fresh start. *Murphy & Robinson Inv. Co. v. Cross (In re Cross)*, 666 F.2d 873, 879–80 (5th Cir.1982). Mr. Lankford has the bur-

den to establish, by a preponderance of the evidence, that the judgment is nondischargeable. *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). In order to decide whether, under § 523(a)(5), the debt is actually in the nature of support, the court is directed to the substance of the liability, not its form. *Pepper v. Litton*, 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 (1939).

### Indiana Law

It might be argued that the word "reimbursement" in section 31–18–1–24 of the Indiana statutes includes reimbursement or repayment to a former spouse of overpaid child support. However, the court thinks that the context of the provision indicates the term means reimbursement for expenses incurred for the enumerated purposes. Neither party cited any cases construing this section. In *Cowart v. White*, 711 N.E.2d 523 (Ind.1999), the Indiana Supreme Court spoke to the issue of reimbursement in the context of a petition filed by the former wife to modify the terms of the dissolution decree. The court stated:

"The trial court ordered Cowart to reimburse White for real estate appraisal fees in the amount of $400 for the dissolution proceeding.... However, the fee incurred as part of the dissolution was a prebankruptcy debt that was discharged unless it was in the nature of maintenance or support. The appraisal fee was to be paid to White in a lump sum and was reimbursement for a specific transaction. As such it did not provide for White's "daily needs" ... Accordingly, the appraisal fee incurred in the dissolution proceeding was not in the nature of maintenance or support and was discharged by Cowart's bankruptcy."

*Id.* at 530. This court thinks that the use of the term "reimbursement" in *Cowart* is analogous with its use in the present case.

### Federal Law

█ Even if the court's interpretation of Indiana law is incorrect, the court still finds the agreed entry dischargeable under § 523. State law, while instructive, must defer to federal bankruptcy law in matters of dischargeability. *Hudson v. Raggio & Raggio, Inc. (In re Hudson)*, 107 F.3d 355, 356 (5th Cir.1997) (citing *Hill v. Snider (In re Snider)*, 62 B.R. 382, 384 (Bankr. S.D.Tex.1986)).

█ A plain reading of § 523(a)(5) leads this court to the inescapable conclusion that the judgment in the instant case does not fit the description of nondischargeable orders in the statute. It is not a judgment for alimony, maintenance, or spousal or child support. It does not benefit the obligee or the child. It benefits only the obligor. The judgment in question is simply a money judgment given to reimburse Mr. Lankford for overpayment of child support.

The case most nearly on point with the case at bar is *In re Lutzke,* 223 B.R. 552 (Bankr.D.Or.1998). In *Lutzke,* the debtor's former husband filed a proof of claim for overpayment of his child support obligation. The court had to decide whether § 507(a)(7) gave the claim a seventh priority for "allowed claims for debts to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child in connection with a separation agreement, divorce decree or other order of a court of record." *Id.* at 553. As in the instant case, the creditor in *Lutzke* contended that his debt should be characterized as one for child support. As is also true in the instant case, the *Lutzke* spouse made no showing that the debtor was ordered to pay him support. Indeed, in neither this case nor the *Lutzke* case did the former spouse provide any evidence that the amounts overpaid would be necessary for their other children's support. Neither former

spouse claimed disparity of income. *Id.* at 554 (citations omitted). The *Lutzke* court found that Congress intended § 507(a)(7) to provide additional protection for creditors and their dependents "in *need* of support." *Id.* at 555. The court sustained the debtor's objection to claim and allowed the claim as a general unsecured claim. *Id.*

With regard to § 523(a)(5), Congress stated:

> What constitutes alimony, maintenance, or support, will be determined under the bankruptcy laws, not State law.... This provision will, however, make nondischargeable any debts resulting from an agreement by the debtor to hold the debtor's spouse harmless on joint debts, to the extent that the agreement is in payment of alimony, maintenance or support of the spouse, as determined under bankruptcy law considerations that are similar to considerations of whether a particular agreement to pay money to a spouse is actually alimony or a property settlement.

H.R.Rep. No. 595, 95th Cong., 1st Sess. 364 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6320.

### Conclusion

The court finds that the judgment in question is not in the nature of alimony, maintenance, or support as it is required to be in order to be nondischargeable under § 523(a)(5). It is a money judgment awarded Mr. Lankford for overpayment of child support. The court holds that the judgment is dischargeable.

ORDER ACCORDINGLY.[6]

---

6. This Memorandum shall constitute Findings of Fact and Conclusions of Law pursuant to

FED.R.BANKR.P. 7052. This Memorandum will be published.