In re Helen Jean KNOTT, Debtor.

Jeffrey K. Kerr, Trustee, Movant,

v.

William A. Meadors, Respondent.

No. 09–90822–MHM.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Oct. 23, 2012.

domestic support obligation ("DSO") entitled to priority. Meadors is the former spouse of Debtor and received a judgment against Debtor in April 2011 based on overpayments Meadors made to Debtor for child support. Trustee filed an objection to Meadors' claim, asserting that Meadors' claim is not a DSO and is not entitled to priority. Trustee contends that although Meadors' claim arises from an overpayment of Meadors' obligation to Debtor, which was a DSO, Meadors' overpayment of the DSO does not render the overpayment claim a DSO entitled to priority under 11 U.S.C. § 507(a)(1)(A). Trustee seeks to reclassify the claim as a general unsecured claim. Meadors filed a response in opposition to Trustee's objection to the claim. Meadors asserts that a claim arising from overpayment of child support retains its character as priority debt.

Debtor, who is proceeding *pro se,* filed a response to Trustee's Objection, asserting that she does not owe Meadors anything. In Meadors' response to Debtor's assertion that nothing is owed to Meadors, Meadors relies upon an April 13, 2010 order from a Florida state court confirming a Report and Recommendation signed April 7, 2010 (the "Florida Order"). The Florida Order concluded the overpayment to Debtor totaled $41,581.79. Meadors also presented an *Order Denying Former Wife's Motion for Relief from Final Judgment and Relief from Court Order* from the Florida state court, signed May 22, 2012 (the "Reconsideration Order"). The Reconsideration Order recites that Debtor, who was represented in that matter by an attorney, sought relief from an order filed August 11, 2011. The Florida court found that Debtor's motion seeking relief was not timely filed and was otherwise without merit, and thus denied Debtor's request for relief. Debtor pre-

Darrell L. Burrow, Darrell L. Burrow, P.C., College Park, GA, for Debtor.

Jeffrey K. Kerr, Jeffrey K. Kerr & Company, LLC, Atlanta, GA, Trustee.

## ORDER OVERRULING TRUSTEE'S OBJECTION TO CLAIM

MARGARET H. MURPHY, Bankruptcy Judge.

This case commenced November 20, 2009, and Debtor's Chapter 7 discharge was entered March 11, 2010, and the case closed. When Trustee learned of a lawsuit filed prepetition by Debtor, Trustee reopened this case to administer that asset. By notice entered August 16, 2011, creditors were provided notice of the existence of assets and of the deadline for filing proofs of claim.

William Anthony Meadors ("Meadors") filed proof of claim number 1 for $41,581.79, characterizing the claim as a

sented no evidence that the Florida Order was not a final order.[1] The general rule is that a party cannot relitigate in bankruptcy court a state court's determination of the amount of a claim. *In re Roussos,* 251 B.R. 86 (9th Cir. BAP 2000). The bankruptcy court is not a court in which a party can challenge a final state court order. Therefore, Debtor's assertion that she owes Meadors nothing is without merit.

Hearing was held September 24, 2012 and continued to October 16, 2012. Present at the hearing were Debtor, proceeding *pro se*; attorney for the Chapter 7 Trustee; and attorney for Meadors. The facts underlying Meadors' claim are undisputed.

Debtor and Meadors divorced in 1998. During the years after the 1998 divorce, the parties' children spent about 60% of their time with Meadors and about 40% of their time with Debtor. Meadors paid the full child support amount to Debtor (via an automatic deduction order ("IDO")) and Meadors also paid Debtor the support when the children were with him. In May 2003, the IDO was, at Debtor's behest, unilaterally and improperly increased by $426.12 per month, resulting in overpayment from May 2003 through March 2008 of $29,025.07. Meadors obtained custody of the children on or about April 15, 2008, but the automatic deductions for child support continued because Debtor refused to cooperate in terminating the IDO. From April 2008 until termination of the IDO, the continuing IDO resulted in an additional overpayment of $11,556.72. The Florida Order concluded the total overpayment by Meadors was $41,581.79.

Although the children are now emancipated,[2] Debtor listed her daughter on the bankruptcy Schedules[3] as a source of income, while at or around the same time, Debtor testified in the Florida domestic court that Debtor supported the daughter. Additionally, Debtor failed to list Meadors in her bankruptcy Schedules as a creditor.

No court in the Eleventh Circuit, including the Eleventh Circuit Court of Appeals, has addressed the legal issue presented in this case. Other courts have addressed this issue, however, and have reached differing results. In the case of *In re Lutzke,* 223 B.R. 552 (Bankr.D.Oreg.1998), the court addressed an objection to an ex-husband's claim that the debt based on overpayment of child support was a priority claim.[4] The ex-husband asserted that the overpayment claim should retain its character as support. The *Lutzke* court rejected the ex-husband's simplistic argument and instead reviewed the evidence to determine whether the ex-husband had established need, which the court identified as an important factor in determining whether an obligation is support. No state court order regarding the overpayment had been entered. The ex-husband made no argument that the amount owed was necessary for his or his children's

---

1. The Chapter 7 Trustee concedes that the Florida Order upon which Meadors bases his claim is a valid final order.

2. Meadors continues to provide support to them.

3. Section 521(a) and Bankruptcy Rule 1007(b) require a debtor to file schedules of assets and liabilities, a schedule of current income and expenditures, a schedule of executory contracts and unexpired leases, and a statement of financial affairs (the "Schedules").

4. *Lutzke* was decided under the pre-BAPCPA version of the Bankruptcy Code, which accorded domestic support debts a seventh priority. Under BAPCPA, which was effective for cases filed after October 17, 2005, domestic support debts are entitled to first priority treatment. The instant case is decided under the provisions of BAPCPA.

support, that any income disparity between the parties existed nor that any minor children were living with him. The court noted that state law would not consider overpayment to be child support. Finally, in sustaining the objection to priority treatment of the ex-husband's claim, the court noted that § 507(a) "was enacted to provide additional protection for creditors and their dependents in *need* of support." *Id.* at 555 (emphasis in original).

The case of *Lankford v. Drinkard*, 245 B.R. 91 (Bankr.N.D.Tex.2000) concerned an objection to dischargeability under § 523(a)(5). Because the court considered the same issue as above, whether a former spouse's overpayment of child support could be considered as domestic support, the court's conclusions are instructive. In that case, the court concluded that the state court order directing reimbursement of the overpayment of a child support obligation was simply a money judgment that benefitted only the former spouse and did not constitute support of the ex-spouse nor did the overpayment obligation accede to the status of child support.

In a case reaching a different result, *Allen County Child Support Enforcement Agency v. Baker*, 294 B.R. 281 (Bankr. N.D.Ohio 2002), the overpayment resulted from an administrative delay in terminating the father's wage garnishment for child support when he became the custodial parent. The court concluded the overpaid child support to the non-custodial parent was needed by the custodial parent and the non-custodial parent was not privileged to dissipate the overpayments that she knew she was not entitled to. The overpayments were found to be non-dischargeable under § 523(a)(5).

In *Norbut v. Norbut*, 387 B.R. 199 (Bankr.S.D.Ohio 2008), the focus of the court was again on the relative need of the parties. In *Norbut*, the parties were divorced in 1989 after 27 years of marriage. The ex-husband was ordered to pay alimony to the debtor for 15 years, which was the time the ex-husband would reach full retirement age. The debtor was also awarded one-half of the ex-husband's pension benefits. Prior to the end of the 15–year period, the ex-husband retired early, with full pension benefits, so that the debtor began collecting one-half of the pension benefits and at the same time continued receiving alimony, while the ex-husband was receiving only one-half of his pension benefits and, from that half, was paying alimony to the debtor. After protracted litigation lasting from 1997, when the ex-husband first requested termination of the alimony obligation, to 2007, the state court ordered retroactive termination of the alimony obligation, assessing an overpayment of $72,694.14 to be reimbursed by the debtor. The court considered factors relating to both parties' relative economic and other circumstances, concluding the overpayment obligation was non-dischargeable under § 523(a)(5) because "an order requiring those [alimony payments] to be returned to the [ex-husband] would inevitably have the effect of providing support to the [ex-husband]."

In *In re Vanhook*, 426 B.R. 296 (Bankr. N.D.Ill.2010), a creditor sought priority treatment of a claim arising from an order for reimbursement of $55,000, representing seven years of child support payments for two children whom he discovered were not his biological offspring. The conclusion in *Vanhook* was similar to that in *Lankford, supra*, with the court concluding that the overpayment obligation was simply a money judgment for wrongful payment of child support and not entitled to priority under § 507.

Similarly, in *Vaughn v. Reid–Hayden*, 2011 Bankr LEXIS 980 (Bankr.N.D.Ind. 2011), a court order for the debtor to

reimburse the father for medical and therapy expenses paid for the parties' child was found to be a money judgment to reimburse the father for payments made but was not child support. The basis for the court's finding was that the reimbursement was for the benefit of the creditor, not the child. In *Taylor v. Taylor*, 455 B.R. 799 (Bankr.D.N.Mex.2011), *aff'd* 478 B.R. 419 (10th Cir. BAP 2012), the court found an obligation for the debtor to repay the ex-husband for alimony paid after the debtor had begun a cohabitation relationship was dischargeable under § 523(a)(5) because it was not in substance an award of support to the ex-husband.

Finally, in a case with facts similar to those in *Vanhook*, in *Bartos v. Kloeppner*, 460 B.R. 759 (D.Minn.2011), the debtor had been ordered by the state court to repay the creditor for child support he had paid for a child he believed he had fathered. A paternity test, however, showed he was not the biological father of the child. The debt was found to be dischargeable under both § 523(a)(5) and (15) because the creditor was not the spouse or former spouse of the debtor, the award was not in a divorce decree, separation agreement or property settlement agreement, and the award was not intended for the benefit of the child.

█ The instant case presents a somewhat unusual set of facts in which the repayment obligation arises from excess child support paid at a time when Meadors was, in addition to paying child support to Debtor, providing at least half the child's support while she (the child) was in his custody; and from child support improperly withheld via the IDO at a time when Meadors had full custody of the child. Therefore, the repayment obligation to Meadors may properly be characterized as intended for and in the nature of support for the child. The repayment obligation otherwise satisfies the elements of § 101(14A) of a DSO and is, therefore, entitled to priority under § 507(a)(1)(A). Accordingly, it is hereby

ORDERED that Trustee's objection to Meadors' § 507(a)(1)(A) priority claim is *overruled:* the Meadows claim is *allowed* as a domestic support obligation.

**The Clerk, U.S. Bankruptcy Court, is directed to serve** a copy of this order upon Debtor, counsel for Debtor, Respondent, counsel for Respondent, and the Chapter 7 Trustee.

IT IS SO ORDERED.